## McCAIN'S ADM'X v. McCAIN'S DISTRIBUTEES.

1. The orphans' court has no power to direct the sale of land, which has descended to the heirs, for the purpose of more equal distribution; and where after such an order is made, the title is vested in the heirs, the administrator has no power to proceed with the sale. *Quere*, is an order obtained by the administrator for the sale of land compulsory, and may he not for good cause, refuse to proceed, and sell ?

Error to the Orphans' Court of Sumter.

THIS was an application to the orphans' court of Sumter, for a citation to the plaintiffs in error, to show cause, why she should not expose to sale a quarter section of land, the property of her intestate, pursuant to an order of court which she had obtained for that purpose.

The administratrix appeared, and for an answer to the ci-

tation, filed her plea, setting forth, that the land had been sold to the deceased in his life time, by one McCann, who afterwards died intestate. That no part of the purchase money had been paid by the deceased during his life time. That she had since paid the purchase money to McCann's administratrix, and had applied under the statute, to the orphans' court of Greene county, when the administratrix of McCann had been directed, to make title to the land, to the minor heirs of McCain ; which title was made agreeably to the order, on the 18th June, 1845 ; and that the legal title is now in them, five of whom are under the age of twenty-one years. That the application for an order for the sale of the land, was made under a mistake, as at that time the land was not paid for, had greatly fallen in value since its purchase, and the equity therefore of no value.

To this plea the distributees demurred, and the court sustained the demurrer, and directed the administratrix to proceed with the sale. This order is now assigned as error.

Horr, for the plaintiff in error.
R. H. Smith, contra.

ORMOND, J.—Our statutes, authorize the representative of a deceased person, to apply to the orphans' court for the sale of his land, either for the purpose of paying debts, or making more equal distribution among the heirs. The record does not disclose upon what ground the order of sale made in this case, was obtained, but it is admitted to have been for the purpose of distribution among the heirs.

We are not prepared to say, whether such an order as this is compulsory upon the personal representative, and whether even after it has been obtained, he may not for good cause refuse to proceed with the sale. Such an order may be asked for by mistake, as is alledged to be the fact here ; on subsequent events, may in the opinion of the administrator, render such sale improper. But whether he may, or not, in his discretion, apply for such order, or when made, decline to

act upon it, we are clear that the administratrix in this case, properly refused to proceed with the sale.

The statute does not give the personal representative the right to apply for an order to sell land, standing in the name of the heirs. Nor has the orphans' court power to direct a sale of the land, in that condition, for any purpose. The power is only given, where the land remains in the same condition as to the title, as it was at the decease of the intestate. In other words, the orphans' court may, for the purpose of more equal distribution, on the application of the administrator, direct a sale of land, which has descended to the heirs, but has no power, where the title of the ancestor has been divested, and made to the heirs. In such a case, if the heirs desire a partition of the land, they must apply to a court of chancery, and being minors, if a division cannot be equitably made in specie, the court will order a sale, and direct a division of the proceeds, providing the necessary guards against a sacrifice of the property. [Delony v. Walker, 9 Porter, 497.]

It is true, it does not appear when the decree of the orphans' court of Greene was made, by which the title to this land was directed to be made to the heirs; nor is it important, whether it was before, or after the decree of the orphans' court of Sumter directing the sale. If before, the orphans' court of Sumter had no jurisdiction; and if after, no sale could be made under the order, because the administratrix could convey no title. The acquisition of the title by the heirs, after the order of sale was made, was a virtual revocation of it, as a sale under it would have been nugatory.

From these considerations it follows, that the court erred in sustaining the demurrer of the heirs, to the plea of the administratrix, and its judgment must be reversed.