## MOUNGER vs. BURKS.

1. M. entered a complaint against B. for an unlawful detainer, in which he alleges—That H. purchased certain lands from C. and leased them for a term of years to B.—that before the expiration of the lease C. died, without having divested himself of the title, and that H. thereupon rescinded the contract with his administrator and relinquished all right or claim to the lands, of which B. was informed and to which he consented and agreed—and that the administrator then sold the lands under an order of the Orphans' Court, at which sale M. became the purchaser—*Held*—

1st. That H. never having been the tenant of C. or his representative, the possession of B. cannot be regarded as "by, from, under, or by collusion with" H. as tenant.

2. That the allegation that B. was informed of and consented and agreed to the recision and relinquishment by B. is not the averment of the fact of tenancy, but merely of a circumstance from which it might be inferred, and is therefore insufficient.

3. That if the relinquishment of H. could operate to pass his estate or right, it created a new estate or right in C.'s administrator or heirs, the sale of which the Orphans' Court had no power to direct.

Error to the Circuit Court of Marengo. Tried before the Hon. John D. Phelan.

VARY, for the plaintiff in error.

MANNING, for defendant.

PARSONS, J.—Mounger brought his action against Burks for an unlawful detainer of certain lots or parcels of land, before a justice of the peace for Marengo county, and recovered. The cause was removed by *certiorari* to the Circuit Court of that county, where the judgment was reversed and the cause remanded, and it comes here by writ of error to the Circuit Court. The complaint contains two counts, to each of which there was a demurrer, and the demurrers were overruled by the justice. The first count states, that one David Curry, on the 15th day of May 1842, who afterwards departed this life, was seized in fee simple of the parcels of land in controversy, of which he was then in the actual possession; that he contracted to sell the same to James N. Hill, and permitted Hill to go into possession thereof; that Curry did not divest himself of his fee simple title and estate, or in any manner convey said parcels of land to Hill; that Hill afterwards, to-wit, on the first day of October 1845, rented these lands to Burks, the defendant, until the first day of January 1847, for the sum of one hundred dollars, Burks having agreed to deliver up the possession at the expiration of the lease; that afterwards, and before the expiration of the lease, Curry having died without having divested himself of his fee simple title and estate, or in any way conveyed the lands to Hill, and the terms and conditions of the contract of purchase having never been complied with, Hill agreed with Curry's administrator to rescind, and did rescind his contract of purchase, and relinquished all his right or claim thereto, of which Burks was fully informed, and consented and agreed thereto; that afterwards the Orphans' Court of said county, pursuant to regular proceedings for that purpose, ordered these parcels of land to be sold, for more equal division among the heirs of Curry, by the administrator; that the same were accordingly sold, on the 26th day of December 1847, when Mounger became the purchaser. This count then proceeds to state a demand and no-

tice according to the statute, and that Burks wilfully held over, and unlawfully detained, &c.

The complaint is founded on the fifth section of the act concerning forcible entries and detainers, (Clay's Dig. 250,) by which it is enacted : "If any tenant or tenants, for term of life or lives, year or years, or other person or persons who are or shall be in possession of any lands, tenements or hereditaments, by, from, or under, or by collusion with such tenant or tenants, shall wilfully and without force hold over any lands," &c., after demand and notice, &c., "by his, her or their landlord or landlords, lessor or lessors, or the person or persons to whom the remainder or reversion of such lands, tenements or hereditaments shall belong, his, her or their agent or attorney thereunto lawfully authorised, then such person or persons, so holding over, shall be guilty of an unlawful detainer."

Now, according to the first count, Hill went into possession, not as tenant under Curry, but as purchaser from him, and afterwards leased to Burks. The statute has express reference to tenants for life or lives, year or years, and of course if Hill had refused to give up the lands, a complaint for unlawful detainer could not have been maintained against him. There are cases, it is true, in which it has been held, under some circumstances, that an action for use and occupation will lie against a purchaser, where the contract has not been complied with, to recover for the use of the lands contracted to be sold ; but those cases are not insisted on as authority in this. This count states, that Hill rescinded his contract of purchase and relinquished his claim. But it is to be observed that he did not thus become a tenant. Instead of his having contracted a new relation to the vendor or his representative, it was his intention to discharge himself from both. Then it is clear that Hill was not at any time tenant of these lands, within the meaning of the statute ; and as Hill was not a tenant, Burks could not have possession by, from, under, or by collusion with Hill, as tenant, there having been no such tenancy.

There is nothing to show that Burks was tenant either to Curry or his heirs or administrator. The count states that Burks was informed that Hill rescinded his contract and relinquished his right or claim, and consented and agreed thereto. If this was intended to produce an inference that Burks agreed

to hold under those to whom the relinquishment was made, as their tenant, the answer is that the fact, and not a circumstance from which it might be inferred, should have been alleged. At best, it would be a doubtful inference. As there was no tenancy, a case is not stated by this count, in which a person claiming the remainder or reversion could recover, under our statute.

But there is a further question. This count states that Hill, as already mentioned, agreed with Curry's administrator to rescind, and did rescind his contract of purchase and relinquished all his right. If this could operate so as to pass Hill's estate or right, it must have vested in Curry's administrator or heirs, and, in that view, it is a new estate or right, distinct from what Curry had at the time of his death, and consequently the Orphans' Court had no power under the statute to direct Curry's administrator to sell it.—McCain's Adm'r v. McCain's Distributees, 12 Ala. Rep. 510. Mounger, therefore, did not acquire by his purchase such reversion as Hill had, and for this reason Mounger cannot recover by this action against Burks, as Hill's tenant.

We think the justice erred in overruling the demurrer to the first count, and consequently the judgment of the Circuit Court is affirmed.

As this opinion will very probably settle the whole question, we do not notice the other questions in the cause.