## COTHRAN vs. McCOY'S HEIRS.

33 65
95 559

[BILL IN EQUITY TO ESTABLISH IMPLIED TRUST.]

1. *Jurisdiction of orphans' court to sell real estate of decedent.*—The orphans' court has no jurisdiction to order the sale of land, to which the decedent had a pre-emption claim at the time of his death, when it appears that he died before perfecting his claim, and that his administrator afterwards obtained a certificate of entry in his name, by the payment of money advanced by third persons, under a contract with the administrator that the land should be sold under an order of court for their reimbursement, the decedent's estate being insolvent.

2. *Validity of contract contrary to policy of the pre-emption laws.*—A contract between the administrator of an insolvent estate and another person, to the effect that the latter should advance the money necessary to enable the former to enter a tract of land, to which his intestate had a pre-emption claim at the time of his death ; that the administrator should take a certificate of entry in the name of his intestate, and should then have the land sold under an order of the orphans' court ; and that the other party should become the purchaser at the sale, and should deduct from his bid the amount of money thus advanced by him to make the entry,—is contrary to the policy of the pre-emption laws, and consequently void.

3. *Equitable relief in aid of illegal contract.*—Equity will not lend its aid to enforce rights arising out of an illegal contract, either by establishing an implied trust, or by decreeing the restitution of money paid out in execution of such contract.

APPEAL from the Chancery Court of Cherokee.

Heard before the Hon. JAMES B. CLARK.

THIS bill was filed by David Cothran, the appellant, against the heirs and administrator of William McCoy, deceased, and sought to establish an implied trust in a certain quarter-section of land, to which the said William

McCoy had a pre-emption claim at the time of his death, and which was afterwards entered in his name by his administrator, with money advanced to him for that purpose by said Cothran and one John Lay, who had married a daughter of the intestate. The contract between the parties, under which said money was advanced by Lay and Cothran, and the other facts on which the complainant based his right to relief, are stated in the opinion of the court. The only prayer of the bill was "for such relief as the nature and circumstances of the case may require." On final hearing, on pleading and proof, the chancellor dismissed the bill, but without prejudice to the complainant's right to proceed, either at law or in equity as he might be advised, to recover the money which he had advanced or paid out in the entry and purchase of the lands; and his decree is now assigned as error by the complainant.

J. J. WOODWARD, for the appellant.

M. J. TURNLEY, contra.

RICE, C. J.—From the statements of the complainant's bill it appears, that as to the quarter-section of land therein described, William McCoy was entitled to claim the benefit of the pre-emption laws, but died before consummating his claim; that his administrator did not have the money belonging to the estate, with which to enter the said land; that the estate was insolvent; that it was agreed between the administrator, John Lay and the complainant, that complainant should advance one hundred dollars, and said John Lay should advance one hundred dollars, and each should pay the sum so advanced into the land-office for the purpose of paying for said land, and that the administrator should take the certificate in the name of his intestate, and should then expose the land to sale, by order of the orphans' court, and "the said Lay or complainant should buy in the same; and the purchaser should repay to the other the amount of one hundred dollars, so as aforesaid advanced, and then pay the bid, after deducting the sum of two hundred dollars, so as

aforesaid advanced to pay for the entry of said land;" that in pursuance of this agreement, and in fulfillment thereof, and by the use of the money advanced as aforesaid, the administrator "did enter the said land *under the pre-emption law*, and obtained the issuance of a certificate of entry to and in the name of the deceased, William McCoy," and afterwards applied for and obtained from the orphans' court of Cherokee county, in which the land was situated, an order to sell the land, and under said order sold it, and at that sale complainant became the purchaser, at the bid or price of four hundred dollars, and then went into possession of the land; that afterwards a certificate of entry of said land was issued, to and in the name of the heirs of the said William McCoy, deceased, by the procurement of the said heirs, under and by virtue of the payment of the one hundred dollars of the money of complainant, and of the one hundred dollars of the money of said John Lay, made in the land-office as aforesaid, without the payment of any thing by the heirs; that the heirs then procured a patent to themselves for the land, and brought an action for its recovery against complainant, and recovered it, and ejected the complainant from its possession; and that complainant has paid, in the mode specified in his bill, the four hundred dollars bid by him for said land at the sale made under the order of the orphans' court. The relief sought by the complainant is; that the court of chancery decree to him the land, or the whole or part of the money he has paid out for it as aforesaid.

As William McCoy was entitled to claim the benefit of the pre-emption laws, as to the land described in the bill, but died before consummating his claim, the entry of the land should have been made in favor of "the heirs" of said William McCoy—5 U. S. Statutes at large, 620, § 2. But, if the patent had issued to him after his death, the title to the land would have enured to, and become vested in his heirs, under the act of congress approved May 20, 1836.—Public Land Laws, 1 vol., 540. The land was not subject to sale under the order of the orphans' court, and the sale under such order was a nullity—Johnson v. Col-

lins, 12 Ala. R. 322; Pettit v. Pettit, at last term. The contract between the complainant, Lay and the administrator, was made before the entry was made in the land-office, and was, in substance, evidently a contract for the sale of the pre-emption; for, if it be upheld, it deprives the heirs of the pre-emption right secured to them by law. The mode the parties adopted to carry that contract into execution, is of no consequence. The illegal contract was none the less illegal, because the orphans' court voluntarily became, or by imposition was made, the instrument of carrying it into effect.—Rogers v. Brent, 5 Gilman, 576. And there can be no doubt, that the contract for the sale of the pre-emption, made as it was before the entry in the land-office, was in contravention of the provisions and policy of the pre-emption laws, and was consequently void; and that the subsequent proceedings in the orphans' court, and under color of its order of sale, had as they were in *the known fulfillment and execution* of the illegal contract, and at the instance of one or more of the parties thereto, were also void.—Hudson v. Milner, 12 Ala. R. 667; Tenison v. Martin, 13 Ala. 21.

It is a party to that illegal contract who is here applying for relief; and the relief he is seeking is either to get the land of the heirs, contrary to law, or to be absolved from the consequences of the position in which he placed himself by the illegal contract and his conduct in carrying it into execution. A court of equity cannot aid him; it leaves him where he has placed himself by his illegal agreement and his conduct in execution of it.—See May v. Moore, at this term, and authorities there cited.

Decree affirmed, at the costs of appellant.