## NOLES' HEIRS *vs.* NOLES' ADM'RS.

[SALE OF DECEDENT'S REALTY FOR EQUITABLE DIVISION.]

1. *Limitation of appeal.*—The act approved February 21, 1866, entitled "An act to authorize appeals from the probate court," (Session Acts, 1865-6, p. 64,) applies to decrees from which appeals were already barred at the passage of the act; and this application of the statute is not obnoxious to any constitutional objection, as taking away or impairing vested rights.

2. *Sufficiency of petition in description of heirs.*—In a petition for the sale of a decedent's real estate, for equitable division among the heirs, (Code, § 1868,) the statute requires that the names and residences of the heirs shall be stated; and an averment that the names of two of the minor heirs, who are shown to reside in the county, "are unknown," is not sufficient to sustain the order of sale on appeal.

APPEAL from the Probate Court of Russell.

IN the matter of the estate of Parker C. Noles, deceased, on the application of the administrators for an order to sell the real estate for the purpose of making an equitable division among the heirs. The first petition, which was filed on the 17th September, 1861, in averring the names, &c., of the heirs, alleged that there were " two minors, names un-

known, residing with Oliver Tillinghast, in Girard, Alabama." The order of sale under that petition was granted on the 13th January, 1862 ; and the appeal from that decree was sued out on the 16th June, 1866. In the other case between the same parties, the petition for the sale was filed on the 21st August, 1862, and asked a sale of the lands in which the widow's dower had been assigned, she having died. The petition did not state the names of the heirs ; but it was accompanied with an affidavit by one of the administrators, in which the heirs were described as in the former petition. The order of sale under this petition was rendered on the 1st December, 1862 ; and the appeal from it was sued out on the 16th June, 1866. The two cases were argued and submitted together, the decree in each case being assigned as error. The appellees submitted a motion in each case to dismiss the appeal.

G. D. & G. W. HOOPER, for appellants.

L. F. McCOY, contra.

JUDGE, J.—The appeal was taken, in each of these cases, within six months after the passage of the act of February 21, 1866, entitled "An act to authorize appeals from the probate court." In Page and Wife v. Moore, decided at the present term, we held that this act was not obnoxious to constitutional objection, in its application to cases in which appeals had been barred by lapse of time under the prior law. The motion to dismiss the appeal in each case, must, therefore, be overruled.—See Acts, 1865–6, p. 64.

2. As to the merits of the cases, submitted by agreement between the parties, together with the motions to dismiss the appeals : Section 1868 of the Code is explicit as to what must be shown in an application to the probate court, for an order to sell lands for distribution ; and its terms are imperative. Amongst other things, it is required that the names of the heirs or devisees, and their places of residence, shall be given. The application in each of the cases before us is, in this respect, strikingly defective. Two of the heirs, it is averred, are minors ; and it is stated that

their *names are unknown.* From aught that appears, their names might have been readily ascertained, the application showing their residence to have been in the county in which the proceeding was had.

This view being decisive of each of the cases, we deem it unnecessary to consider the sufficiency of either application in other respects, or any other point presented by the assignments of error. We remark, however, in the language of this court, in the case of *Cloud and Wife v. Barton,* (14 Ala. 349,) "that attention to the statutes, and our decisions in respect to applications by executors and administrators, will enable the probate court to avoid error in form and mode of proceeding at least."

The decree in each of the cases is reversed, and each cause is remanded.