## Ford v. Garner's Administrator.

*Application for Sale of Decedent's Lands for Distribution.*

1. *Sale of lands for distribution ; plea denying ownership of lands.* — In a proceeding for the sale of a decedent's lands for distribution, where the petition alleges his interest in the lands to be two thirds, a plea, or objection, by one of the defendants, asserting his interest to be one third only, is a good plea in bar to the extent to which it goes, and should be allowed, if proved, since the court has no jurisdiction to sell a greater interest than the decedent owned.

2. *Same; statement of distributees' names in petition.* — Where the petition describes a minor child, one of the heirs or distributees, as "Matilda Gravitt's child, whose name is unknown," this is not a sufficient compliance with the statutory requisition (Rev. Code, § 2222): the name must be stated, or it must appear that it has no name.

3. *Proof of seizin.* — Seizin of lands, when the word is used to signify possession merely, may be proved by parol ; but, when used to signify possession under legal title, it can only be proved by proper conveyances.

APPEAL from the Probate Court of Morgan ; the register in chancery acting as special probate judge, in consequence of the disqualification of the probate judge.

C. C. NESMITH, for appellant.

PETERS, C. J. — On the 13th day of August, 1872, Benjamin F. Bean, as administrator with the will annexed of Hezekiah F. Garner, deceased, filed his application in the Probate Court of Morgan County, asking an order of sale of two thirds interest in certain lands described in said application, as lands of which said deceased died seized and possessed. The judge of probate of said county being interested in the matters to be litigated, the application was addressed to the register of the Chancery Court of said county, who heard the cause, and made the final decree. Rev. Code, §§ 635, 2302, 2303. The petition, after describing the lands sought to be sold, and the interest therein belonging to the testator at his death, and giving the names of the heirs or devisees of the deceased, as required by the statute, except the minor, who is described as "Matilda Gravitt's child, an infant, whose name is unknown,"

adds the following statements : " Petitioner further alleges that the personal property of said estate is insufficient to pay the debts thereof, and that the will gives him no power to sell the lands thereof. He further alleges that a fair, beneficial, and equitable division of said land among the heirs and distributees, after the payment of debts, cannot be made without a sale thereof. He further asks your honor to grant and make an order authorizing and empowering him to sell said lands *for said purposes*."

A guardian *ad litem* was appointed for the minor, without giving its name, who accepted the appointment, and denied all the statements of the petition. Mrs. Celia J. Ford, wife of Jonathan Ford, and one of the heirs-at-law of the decedent, also answered the petition, and objected " to the proceeding for an order to sell the one third interest " in the lands in controversy, " which belonged to Robert L. Garner," " on the grounds that said decedent died without being seized and possessed of any title whatever in the said *one third* interest in said lands ; and she insisted on this as her plea in denial of the order for the sale of said *one third* interest in said lands, and moved the court on the trial that it be allowed." This motion the court refused and overruled. To this action of the court Mrs. Ford, by her attorney, excepted, and made her exception a part of the record by bill of exceptions. After this, Mrs. Ford offered no other plea or objection to the petition, but made several objections to the evidence offered on the final hearing by the petitioner; which need not be noticed. The court below decreed the sale of the lands named and described in the petition, as upon an application " for the purpose of making an equitable division among the heirs *and* devisees." This decree seems to be otherwise regular. From this decree Mrs. Ford appeals to this court, and here she assigns as error her exceptions taken in the court below, and the final judgment ordering the sale of the interest applied for in the lands described.

1. The learned counsel for the appellant in this court, in his brief, treats the proceeding in the court below as an application by an administrator with the will annexed for an order to sell his testator's interest, which is alleged to be *two thirds*, in the lands described in the petition, for the purpose of division among the heirs *or* devisees. This court will also adopt this view of the proceeding, as it is not quite clear in which sense the administrator intended his application to be taken, — whether as an application for an order of sale for distribution, or for the payment of debts. Putting this construction on the proceeding, it confines the discussion to a single view of the case ; that is, as an application for an order of sale for distri-

bution. Rev. Code, §§ 2221, 2222. Mrs. Ford's objection does not seem to be very distinctly stated. It is not wholly free from embarrassing doubt, whether it is intended to be interposed on her own behalf, or on behalf of Robert L. Garner, who seems also to be one of the heirs of the deceased. But, construing it as a plea in her own behalf, was it a proper and sufficient answer to the petition, so far as it went ; that is, as to the *one third* interest in the lands described, claimed to belong to said Robert L. Garner. I think it was. It denied that *one third* interest in the lands, for which an order of sale was asked, belonged to the estate of the deceased, and asserted that it belonged to Robert L. Garner. If this is true, then the jurisdiction to order the sale is wanting, as to this interest. The Court of Probate has jurisdiction only to order the " lands of the estate " of the deceased to be sold. Rev. Code, § 2221. A sale of lands not belonging to the decedent's estate is void. *Pettit's Adm'r* v. *Pettit's Distributees*, 32 Ala. 288 ; *Cothran* v. *McCoy's Heirs*, 33 Ala. 65 ; *Burns* v. *Hamilton*, 33 Ala. 210 ; *Mounger* v. *Burks*, 17 Ala. 48 ; *Bishop* v. *Blair*, 36 Ala. 80 ; *McCain's Adm'r* v. *McCain's Distributees*, 12 Ala. 510 ; *Johnson* v. *Collins*, 12 Ala. 322. Then, in overruling the objection of Mrs. Ford, the court erred. It should have been heard, and, if established by sufficient evidence, it should have been allowed ; and only the one third interest in the lands should have been ordered to be sold, which belonged to the deceased.

2. But the proceeding is also erroneous in another particular. The statute requires that the application " must describe the lands accurately, and give the names of the heirs or devisees, and their places of residence ; and such application must also state, if any, and which of such heirs or devisees, are under the age of twenty-one years, or married women, or of unsound mind." Rev. Code, § 2222. Here, the name of the minor is not given, except as " Matilda Gravitt's child, whose name is unknown." This is not sufficient, unless the child is nameless. This child is alleged to be a resident of Morgan County in this State, in the petition. There could, then, have been no difficulty in ascertaining its true name, and it should have been given in the application. A failure to do this is a fatal defect, whether on demurrer or on error. *Noles's Heirs* v. *Noles's Adm'r*, 40 Ala. 576 ; *Hoard* v. *Hoard's Adm'r*, 41 Ala. 590 ; *Page & Wife* v. *Matthews's Adm'r*, 41 Ala. 716.

3. There is but one other question raised on the record that need now be noticed. That is, whether *seizin* of lands may be proven by parol. Under our law, the word *seizin* has no accurately defined technical meaning. At common law, it imported a feudal investiture of title by actual possession. With us, it has the force of possession under some legal title or right

[Ford *v.* Garner's Administrator.]

to hold. This possession, so far as possession alone is involved, may be shown by parol. But, if it is intended to show possession under a legal title, then the title must be shown by proper conveyance for that purpose. Crabb's Real Property, p. 1000 (marg.), § 2374; Stearns's Real Actions, p. 2; 1 Washb. Real Property, p. 35 *et seq.;* 4 Kent, 2, 385 marg. But, as it does not appear from the objection that the purpose of letting in the parol evidence was intended to go beyond proof of a mere possession, this was not illegal.

For the errors above pointed out, the judgment of the court below is reversed, and the cause is remanded for a new trial. The appellee, Benjamin F. Bean, as administrator with the will annexed of Hezekiah F. Garner, deceased, will pay the costs of this appeal out of the assets of the estate of said deceased in his hands to be administered.