## Pittman *et al. v.* Corniff *et al.*

### *Real Action in Nature of Ejectment.*

*Ejectment; construction of deed.* — A warranty deed, upon full payment of purchase-money, conveying to an administrator, as such, "in trust for the absolute use and benefit of such estate and those interested therein," lands his intestate had purchased and partly paid for, vests no such title in the heirs as will enable them to maintain ejectment against a purchaser at a sale by the administrator *de bonis non,* under order of the probate court. (Following and adhering to *You* v. *Flinn,* 34 Ala. 409.)

APPEAL from Circuit Court of Montgomery.
Tried before Hon. JAMES Q. SMITH.
The facts are sufficiently stated in the opinion.

HERBERT & MURPHY and BUELL & BULLOCH, for appellants.

WATTS & TROY, *contra.*

JUDGE, J. — The principal question to be decided in the present case is, whether the plaintiffs in the court below had such a title in the premises sued for as would authorize them to maintain a real action for their recovery.

Jeremiah Pittman, the ancestor of the plaintiffs, purchased the premises, together with other real estate adjoining, from one Alfred V. Scott, in the year 1859, paid part of the purchase-money in cash, and gave his three promissory notes for the balance of the purchase-money, payable respectively one,

two, and three years from date. Pittman died after his purchase, and one A. J. Noble duly administered on his estate. During the time of Noble's administration, he, as such administrator, paid to the executor of said Scott who had also died, the full amount of the balance due of the purchase-money, and thereupon the executor of said Scott executed to the said Noble, as administrator of the said Pittman's estate, a deed of conveyance of the premises, with full covenants of warranty. It is recited in the conveyance that the premises are conveyed to said Noble, as such administrator, " in trust for the absolute use and benefit of said estate, and those interested therein." Subsequent to the execution of the conveyance to Noble, he resigned his office of administrator of the estate, and one William G. Waller became his successor as administrator *de bonis non.* During Waller's administration he sold the premises, under an order of the probate court of Montgomery county, as the property of the estate of Pittman. Waller died before the commencement of this suit, and at the time the suit was brought there was no administrator of Pittman's estate, and the estate was solvent.

It is contended by appellants, that, under the facts above stated, they should have been permitted to recover the premises sued for, by virtue of section 1576 of the Revised Code. That section is as follows : —

" No use, trust, or confidence can be declared of any land, or of any charge upon the same, for the mere benefit of third persons; and all assurances, declaring any such use, trust, or confidence, must be held and taken to vest the legal estate in the person or persons for whom the same is declared, and no trust or interest can vest thereby in any trustee."

The section of the Code immediately following is in these words : —

" Nothing in the preceding section contained shall prevent the conveyance of real or personal property, or the issues, rents, and profits thereof, to another, in trust for the use of the grantor, or of a third person, or his family, or for any other lawful purpose ; but in such case the legal title vests in the trustee."

These sections of the Code were construed by this court, in *You v. Flinn,* 34 Ala. 409. The conclusion there attained in reference to them was thus announced by the court: " We do not hesitate to declare that section 1306 of the Code [§ 1576 Rev. Code] converts into legal estates in the beneficiary all titles and interests in lands, where the nominal title is vested in a naked or dry trustee, — one who is not placed in possession, and who is required to perform no duties, — and where the instrument creating such nominal title *declares* a use, trust, or

confidence for another, to the same. extent as if the deed or conveyance had been made directly to the beneficiary. On the other hand, it has no application to the conveyances of either real or personal property, although the conveyance may declare that it is in trust for the use of the grantor or another ; provided the trustee is charged with the control, management, or other active duties in regard to the trust fund. This latter class falls under [Rev. Code, § 1577] section 1307."

This exposition of the two sections, which we adhere to, shows that the plaintiffs were not entitled to recover in this action. The effect of the conveyance to Noble was not to make him a naked or dry trustee ; the phraseology employed in the instrument forbids such a conclusion. The trust created was "*for the absolute use and benefit of the estate, and those interested therein.*" Creditors, as well as heirs and distributees, are interested in an estate ; and an administrator, under our statutes, may have active duties to perform in relation to lands of the estate he represents, whether the title be legal or equitable.

The circuit court, on the request of the defendants, charged the jury, if they believed the evidence, to find for the defendants. There was no error in this.

Let the judgment be affirmed.