# Wells *v.* Elliott.

*Statutory Real Action in nature of Ejectment.*

1. *When executor or administrator may maintain action; revivor thereof.* An executor or administrator, under the statutory powers conferred on him, may maintain ejectment, or the statutory action in nature of ejectment, for the recovery of the lands of his testator or intestate; and on his death, resignation, or removal, pending the suit, the action may be revived and prosecuted in the name of his successor in the administration (Code, § 2622); but such action can only be maintained when there was a legal title residing in the testator or intestate at the time of his death.

2. *Same; conveyance of title to executor, on payment of purchase-money.* When the purchaser of lands dies without having paid the purchase-money, and not having received a conveyance; and the money is paid by his executors, and a deed taken to themselves "as executors, in trust for the use and benefit of the heirs and legatees under said will, and of those who as creditors are interested in said estate;" the deed conveys to them a legal title, on which they may maintain an action for the recovery of the lands; but they hold the title as trustees, and not as executors, and it does not pass to their successor in the administration, nor can the action be revived in his name.

APPEAL from the Circuit Court of Shelby.

Tried before the Hon. JOHN HENDERSON.

This action was brought by B. B. Lewis and Henry R. Lyman, as executors of the last will and testament of Edward Davis, deceased, against Abner J. Wells and others, to recover the possession of a tract of land particularly described in the complaint; and was commenced on the 1st March, 1870. The lands sued for were sold and conveyed to said Abner J. Wells, by John P. Figh and wife, by deed dated January 7th, 1863, which recited the payment of $10,000 as its consideration; but only $5,000 was in fact paid, and Wells gave his two promissory notes for the residue, $2,500

[Wells v. Elliott.]

each, payable in one and two years, and secured by a mort-
gage on the lands; of even date with the conveyance, and
containing a power of sale. In March, 1869, default having
been made in the payment of the secured notes, and John P.
Figh having died, B. B. Lewis was employed by his adminis-
trator to foreclose the mortgage; and acting under this
employment and agency, after due advertisement as required
by the terms of the mortgage, Lewis sold the lands, at public
auction, on the 23d March, 1869; at which sale, the lands
were knocked down to French Nabors, as the agent of Edward
Davis, the plaintiff's testator, at the price of $2,350. Davis
was at that time in bad health, and he died a few weeks
afterwards (about the 17th April, 1869), not having paid the
purchase-money, and not having received a conveyance.
His last will and testament was duly admitted to probate on
7th June, 1869, and letters testamentary thereon were granted,
on the same day, to said B. B. Lewis and Henry R. Lyman,
the plaintiffs in this suit. On the 20th January, 1870, said
executors paid the purchase-money for the lands to Geo. M.
Figh, administrator of the estate of said John P. Figh,
deceased, who thereupon executed to them a deed for the
land. In this deed, said administrator is described as party
of the first part, "and Burwell B. Lewis and Henry R. Lyman,
as the executors of the last will and testament of Edward
Davis, late of Shelby county, now deceased, in trust, and for
the use and benefit of the heirs and legatees under said will,
and of those who as creditors are interested in the estate of
the said Edward Davis, as parties of the other part;" and
after reciting the facts above stated, the lands are conveyed
"unto the said parties of the second part in their representa-
tive capacity as aforesaid."

On the first trial, in consequence of the adverse rulings of
the court, the plaintiffs were compelled to take a non-suit,
with a bill of exceptions; but, on appeal to this court, the
non-suit was set aside, and the cause remanded, as shown by
the report of the case.—*Lewis v. Wells*, 50 Ala. 198. After
the remandment of the cause, as the record now shows, it
being suggested and shown to the court, at its April term,
1876, that said B. B. Lewis had made a final settlement of
his accounts as executor, and had resigned, it was thereupon
"ordered by the court that this suit abate as to him, and pro-
ceed in the name of Henry R. Lyman as sole executor;"
and at the ensuing October term, 1876, the death of Lyman
being suggested, and the appointment of A. M. Elliott "as
administrator *de bonis non*, with the will annexed of said
Edward Davis," said administrator appeared, and made him-
self a party plaintiff. On the second trial, all the facts above
VOL. LXVIII.

stated were proved, as the bill of exceptions shows, and numerous exceptions were reserved by the defendants to the rulings of the court in admitting the evidence adduced by the plaintiff; but the decision of this court renders these rulings immaterial. On all the evidence, "the court charged the jury, of its own motion, that the plaintiff, as administrator de bonis non of Edward Davis, was entitled to recover the lands sued for," if they were the lands conveyed by the mortgage to Figh, and sold under the power therein contained. The defendants excepted to this charge, and they here assign it as error, together with the refusal of several charges asked by them, and all the rulings on evidence to which they reserved exceptions.

JNO. T. HEFLIN, for the appellants, cited *Pittman v. Corniff*, 52 Ala. 83 ; *Earl v. Halsey*, 1 McCarter's N. J. 332; *House v. Dexter*, 9 Mich. 246.

COBB & LEWIS, contra, cited *Lewis v. Wells*, 50 Ala. 198 ; *Golding v. Golding*, 24 Ala. 122 ; Code, § 2622.

BRICKELL, C. J.—When this cause was before this court at a former term, it was held that the conveyance executed by Figh to Lyman and Lewis, as executors of Edward Davis, passed to them the legal title to the lands in controversy, upon which they could maintain ejectment against the defendants, now appellants.—*Lewis v. Wells*, 50 Ala. 198. Since, Lewis has resigned as executor, and Lyman has died. In the Circuit Court, the cause was revived in the name of the appellee, Elliott, as administrator de bonis non ; and the principal point of contention is, whether he succeeds to the title of Lyman and Lewis, and can in his representative capacity maintain the action.

In this State, an administrator, or executor, may maintain ejectment, or a real action in the nature of ejectment, for the recovery of the lands of his testator or intestate.—1 Brick. Dig. 625, § 6. But the action is founded, and a recovery can be had, only on a legal title residing in the testator or intestate at the time of his death.—*Cothran v. McCoy*, 33 Ala. 65 ; *McCain v. McCain*, 12 Ala. 510. When, after the institution of such an action, there is a change in the administration, the successor of the plaintiff instituting it may, under the statute, continue and prosecute it in his own name to final judgment.—Code of 1876, § 2622; *Russell v. Erwin*, 41 Ala. 292. In this case, the legal title never resided in the testator—he had, at best, but a mere naked equity to obtain the legal title on paying the purchase-money. After his death, the execu-

[McKenna v. Rowlett.]

tors made the payment of the purchase-money, and to them the title was conveyed. As executors, if the testator was under a legal liability to pay the purchase-money, it was their duty to make the payment. But it was not within the line of their duty or authority, to take to themselves a conveyance of the legal title. Taking such a conveyance, clothes them with no title which could pass to their successors in the administration. They hold as trustees, for whoever may have the primary right to the personal assets employed in paying the purchase-money ; creditors, or legatees, or, it may be, next of kin.—*Pittman v. Corniff*, 52 Ala. 83. The trust is apparent on the face of the deed, and from it Lewis was not discharged by his resignation as executor ; nor could that resignation operate as a relinquishment or conveyance of the legal title residing in him, to his co-trustee, Lyman.—Perry on Trusts, §§ 274, 401 ; *Gunn v. Barrow*, 17 Ala. 743 ; *Drane v. Gunter*, 19 Ala. 731. Upon the death of Lyman, the whole legal title devolved upon Lewis, as surviving trustee.—Perry on Trusts, § 343.

The appellee was without title to the premises in controversy, and there was error in introducing him as a party, and in not continuing Lewis as a party plaintiff. In this attitude of the case, it is unnecessary to consider other questions raised by the assignment of errors, many of which were decided when this cause was here at a former term.

Reversed and remanded.