# Bingham, Adm'r, *v.* Jones *et al.*

### *Application by Administrator to Probate Court to sell Lands for Distribution.*

1. *Sufficiency of petition in averment of names, ages, and residences of heirs.*—On an application by an administrator for an order to sell lands, on the ground that they can not be equitably divided without a sale, the petition is required to state the names, ages, and residences of the heirs (Code of 1876, § 2450; Code of 1886, § 2106); and it is not sufficient to allege that some of them are unknown to the petitioner, and that he has not been able to ascertain them by due diligence.

APPEAL from Talladega Probate Court.
Heard before Hon. G. K. MILLER.

BISHOP & WHITSON, for appellants, cited *Ford v. Garner,* VOL. LXXXIV.

[Bingham, Adm'r, v. Jones et al.]

. 49 Ala. 603; Code of 1886, § 2106; 68 Ala. 257; 3 Brick. Dig. 464, § 150.

KNOX & BOWIE, and HEFLIN & BULGER, *contra*, cited Code of 1876, § 2450; Code, 1886, § 2106; 75 Ala. 213; 49 Ala. 601; 41 Ala. 590; *Ib.* 719; 40 Ala. 576; 14 Ala. 347; 6 Ala. 110; 3 Ala. 625; *Morgan v. Farned*, 83 Ala. 367; 80 Ala. 32; 78 Ala. 206; 5 Ala. 280; 19 Ala. 198; 59 Ala. 532; 67 Ala. 603.

STONE, C. J.—The present proceeding is an application to the Probate Court made by the administrator, for an order to sell the real estate of the intestate for distribution among the next of kin. The petition avers that the lands can not be equitably divided among the heirs without a sale.—Code of 1886, §§ 2105 *et seq.* Intestate left no lineal descendants, but a very large number of collateral heirs, running through three or four generations, and very much scattered. The application was contested by one of the heirs, on a single ground to be after stated. In all other respects the petition is not objected to, nor does there appear to be any ground for objection. And we may add that the number and diversified interests of the numerous heirs make it absolutely certain that the land described in the petition as the entire real estate of intestate, can not be equitably divided without a sale.

The petition and its several amendments make a strong showing of diligence on the part of the administrator, to ascertain the names and residences of the numerous heirs-at-law. There is, probably, no ground of objection on the score of diligence. It sets forth, among others, that one Charlotte Cowper, sister of intestate, had died before the death of intestate, leaving descendants. After setting out several of the descendants of Mrs. Cowper, the petition contains the following clause: "The children of Mary Little, deceased, who was also a daughter of the said Margaret [Charlotte?] Cowper, and a niece of the said Eliza E. Chase (intestate), deceased; the names, residences and ages of said children are unknown to petitioner, but they are supposed to reside near Columbus in the State of Mississippi."

In a later amendment petitioner states as follows: "Petitioner further represents that the distributees of said estate, described in his said amended petition as the children of Mary Little, deceased, whose names and residences and ages are

[Bingham, Adm'r, v. Jones et al.]

unknown, . . . is a full statement of all the knowledge petitioner has of such persons, or has been able to ascertain." This is all the petition contains in reference to the children of Mary Little. There was a demurrer to the petition, assigning as a ground that it failed to set forth the names, &c., of these heirs. The Probate Court sustained the demurrer.

There is a statutory provision for making parties defendant to a bill in chancery, and for bringing them in for publication, when their names are unknown to the plaintiff, and can not be ascertained on diligent inquiry.—Code of 1886, § 3433. But this right is purely statutory, and to bring a case within its influence, its substantial requirements must be conformed to.—*City of Opelika v. Daniel*, 59 Ala. 211; *Bell v. Hall*, 76 Ala. 546. There is not enough in the petition to bring in these unknown heirs, if the suit had been in the Chancery Court.

Proceedings in the Probate Court to obtain a sale of land for division are statutory, and the requirements of the statute must be complied with. It must give the names of the heirs or devisees, and must state which of them are under age, of unsound mind, or married women.—Code of 1886, § 2106. Neither of these assertions can be made, nor can they be negatived, without a knowledge, or, at least, information, showing who are the heirs or devisees. In the matter pointed out above, the petition is fatally defective, and the judgment of the Probate Court is free from error.—*Noles v. Noles*, 40 Ala. 576; *Hoard v. Hoard*, 41 Ala. 590; *Ford v. Garner*, 49 Ala. 601; *Meadows v. Meadows*, 73 Ala. 356; *Whitman v. Reese*, 59 Ala. 532; *McCorkle v. Rhea*, 75 Ala. 213; *Whitlow v. Echols*, 78 Ala. 206; *Ballard v. Johns*, 80 Ala. 32; *Morgan v. Farned*, 83 Ala. 367; *Page v. Matthews*, 41 Ala. 719. This case comes before us directly. If it had been presented collaterally, rules somewhat different might possibly govern the case.—*Lyons v. Hamner*, 84 Ala. 197.

If this case presents a hardship, the remedy is not with us.
Affirmed.