[Johnson v. Gartman, et al.]

# Johnson *v.* Gartman, *et al.*

## *Bill to Annul Deed, and for Partition.*

(Decided June 8, 1911. 55 South. 906.)

1. *Equity; Bill; Amendment; Footnote.*—Amendments to a bill made by interlineations in red ink do not require an additional footnote pointing out the particular statements or interrogatories which the complainants desire the respondents to answer.

2. *Equity; Trial; Submission.*—Where a suit was submitted for a decree on Oct. 29th, 1907, under an agreement allowing ninety days to take testimony, and the case was continued from time to time, and amendments, demurrers, etc., were filed, and submissions and decrees on demurrer, and other proceedings had indicating that the parties were treating the case as if the submissions had been set aside, the respondent even examining a witness whose depositions were filed Feb. 6, 1908, the court did not err in entering a decree on Nov. 18, 1909, setting aside the former submission, and declaring that the order had effect from the adjournment of the April term, 1909, admitting the testimony regularly taken in the meantime, although the respondent objected to the issuance of a commission to take testimony on Nov. 2, 1909, since the original submission had in fact ceased to be effective.

3. *Partition; Distribution; Adverse Claim.*—The provisions of section 3176, Code 1907, have no application to a sale for distribution as authorized by section 3178.

4. *Executors and Administrators; Sale of Land; Nature of Proceeding.*—Proceedings for the sale of lands in the probate court are in rem.

5. *Lis Pendens; Proceedings in Probate Court.*—The doctrine of lis pendens applies as fully to the proceedings in the probate court in which land is disposed of and the title and interest of the parties must be determined, as to proceedings affecting the land in other courts.

6. *Same; Purchaser Pending Probate Proceedings.*—The decedent purchased and occupied as a homestead the lots in controversy, but later removed to other lands in the country on which he lived till his death. His wife refused to go to the country but continued to reside on the land in controversy and after the husband's death the wife remarried. She obtained a deed to the lot from her deceased husband's vendor, and in proceedings by the husband's administrator to sell the lots for the payment of debts and for distribution claimed that she had paid the purchase money and had acquired title by purchase from the vendor, and that if her husband had acquired any interest in the land they were his homestead. But the probate court found that the lands occupied by decedent in the country were his homestead, and that he had the equitable title to the lots in controversy, and that it was subject to sale. Pending these

proceedings in the probate court the widow conveyed the lots to J. Held, that J. was a pendente lite purchaser and was concluded by the determination of the probate court under the doctrine of lis pendens, and therefore, acquired by his purchase only the widow's dower interest.

7. *Same; Enforcement of Decree; Laches.*—Where a probate decree for the sale of lands for the payment of debts was rendered August 2, 1909, pending the proceedings leading thereto, decedent's widow had conveyed the lots to J. on March 30, 1905, and a decree for sale of the lots for division was filed May 10, 1905, the complainant alleging that the property was advertised to be sold under the decree Sept. 19, 1904, and that no bidders could be obtained because the widow appeared on that day ,and gave notice that she claimed the property, the complainants were not barred by laches under the rule that a party claiming the benefit of lis pendens must prosecute his actions to final judgment without such unreasonable delay as would amount to abandonment of the action and terminate the lis pendens.

APPEAL from Mobile Chancery Court.

Heard before Hon. THOMAS H. SMITH.

Bill by Paul Gartman and others, against Anna R. Johnson, to declare a deed void, and to sell lands for division. Judgment for complainant and respondents appeal. Affirmed.

FREDERICK G. BROMBERG, for appellant. Appellant was bona fide purchaser for value without notice of the claim of the heirs of Gartman and entitled to protection as such.—*Center v. P. & N. Bank,* 22 Ala. 743; *Crosky v. Smith,* 126 Ala. 120; *Eley v. Pace,* 139 Ala. 293; *Nolan v. Farrow,* 154 Ala. 269. Appellees have been guilty of laches.—*Center v. Bank, supra; First Nat. Bank v. Nelson,* 106 Ala. 535; *Galliher v. Cardwell,* 145 U. S. 358. The purchaser was not required to examine the records of the probate court for any proceedings against the land as the record showed a deed to the land in the name of a living person.—*Center v. P. & M. Bank, supra,* 25 Cyc. 1452; Wade on Notice, secs. 350, 351, 357, 359; Code 1907, sections 2579-2582. The husband has no rights in real property which survive his death where the legal title is in the wife, of which a

bona fide purchaser for value is legally required to take notice.—*Cook v. Cook,* 125 Ala. 583. The written agreements of counsel in a cause are binding upon the court. —Sec. 2988, Code 1907; *Roden v. McAfee,* 160 Ala. 564; *Ingram v. Gill,* 145 Ala. 666; *Winter v. City Council of Montgomery,* 79 Ala. 481.

D. B. Cobbs, for appellee. The decree of sale was jurisdictional and valid.—*Gartman v. Lightner,* 160 Ala. 209. · The probate court had jurisdiction of the equitable title, separated from the legal, and had equity powers correspondingly.—*Todd v. Flournoy,* 56 Ala. 106; *Inman v. Gibbs* 47 Ala. 311; *Jones v. Woodstock Co.,* 95 Ala. 558. And had jurisdiction in this particular case. —*Gartman v. Lightner,* 160 Ala. 209. The widow was not an heir, but a stranger here, as the holder of the outstanding legal title.—*Snedecor v. Morley,* 47 Ala. 523. Her legal title, acquired after her husband's death, was no obstacle to the jurisdiction over the equitable title of descent at his death; and the claim of the legal title was no defence to the probate petition.—Code of 1896, sec. 3176; *Sherer v. Garrison,* 111 Ala. 231; *Layton v. Campbell,* 155 Ala. 222. The probate court was obliged to receive evidence of the equitable title and of the homestead questions raised by the widow, else her mere denial of the petition's averment would defeat it. —*Guilford v. Madden,* 45 Ala. 292. The court must exercise the power it has, omitting that it has not.—3 Brickell, page 181, secs. 74, 75. The probate court could not sell a greater interest than decedent left.—*Ford v. Garner,* 49 Ala. 603. Any party interested in the estate may contest a petition to sell decedent's lands.— Code of 1896, sec. 158. The allegations of the petition must be proved.—Code of 1896, sec. 166. The quantum of interest left by decedent is involved.—*Ford v. Garner,*

45 Ala. 603. The widow claiming homestead, or her vendee, is such interested party, and could either contest, or appeal after the decree of sale.—*Newell v. Johns,* 128 Ala. 588-9. And appeal within a year.—Code of 1896, sec. 457. They cannot attack the probate decree collaterally.—*Lyons v. Hamner,* 84 Ala. 197; *Chardavoyne v. Lynch,* 82 Ala. 377. That within its limited jurisdiction, the probate court's decrees are as binding as those of any other court.—*Wyman v. Campbell,* 6 Porter, 219; *Whitlow v. Echols,* 78 Ala. 210; *Farley v. Dunklin,* 76 Ala. 530; *Caperton v. Hall,* 83 Ala. 171. That being *in rem* proceeding, the decree bound all persons interested, including heirs, administrator, widow and her vendee.—*Bank of Decatur v. Pullen,* 29 So. Rep. 685; *DeBardeleben v. Stoudenmire,* 48 Ala. 644. Especially the widow, who contested the petition.—*Davis v. Tarver,* 65 Ala. 100. And the heirs, complainants.— *Lyons v. Hamner, supra; Chardavoyne v. Lynch, supra.* Binding Johnson, her vendee.—*Newell v. Johns,* 128 Ala. 588, and other authorities supra. To the effect that the decedent (and his heirs) owned the equitable title, in lots not his homestead, at his death and after; and all other questions within the jurisdiction of the probate court, and involved actually or necessarily.— *Cromwell v. County of Sac.,* 94 U. S. 350; 114 U. S. 619. Johnson was also bound as a privy of the widow who contested, and from whom he bought.—*McCalley v. Robinson,* 70 Ala. 433; *Shamblin v. Hall,* 123 Ala. 545; *Coles v. Allen,* 64 Ala. 105; *Woods v. Montevallo Co.,* 84 Ala. 564. Other authorities that the heirs are bound.—85 Ala. 582; 114 Ala. 327; 128 Ala. 583. On a point established by a judgment or decree wide enough to include the point.—119 Ala. 152; 72 Ala. 371; 71 Ala. 186; 121 Ala. 626; 80 Ala. 459; 84 Ala. 508. Whether the two forms of suit were the same or not.—1 Porter,

215. That the form of the *lis* claimed to have been pending when Johnson bought, was immaterial.—*Kelly v. Turner,* 74 Ala. 523. Lis pendens doctrine applies to all sorts of suits that can affect real property, and to every court of competent jurisdiction to affect it.—25 Cyc. page 1454, A; *Whitfield v. Riddle,* 78 Ala. bottom of page 107; *Greenwood v. Warrana,* 120 Ala. 76; 19 Am. & Eng. Encyc. pp. 602-3. Including the probate court in a proceeding to sell a decedent's or ward's real estate.—21 Am. & Eng. Encyc. p. 630. This results from the necessity of preserving property in its situation at the beginning of the litigation, to give effect to decrees.—19 Am. & Eng. Encyc. pp. 602-3; *Warren v. Hearne,* 120 Ala. 76; 2 Pomeroy's Eq. secs. 632-3-4. Lis pendens notifies the world of equities and equitable titles concerned in it.—19 Am. & Eng. Encyc. p. 596. Law courts apply the doctrine of lis pendens as notice, but equity courts especially—wherever it can be applied it is applied, whether the lis itself was in one court or another.—8 Ala. 570; 13 Ala. 119; 63 Ala. 250; 78 Ala. 573; 59 Ala. 315; 70 Ala. 253; 4 Ala. 592; 84 Ala. 587. And without regard to any sort of supposed hardship; the courts adhere to the rule inflexibly.—*Trustees Univ. of Ala. v. Kellar,* 1 Ala. 408. It is a firmly established rule of property.—*Rooney v. Michael,* 84 Ala. 587. It is notice, like a recorded conveyance, "with like effect as the registration of a deed."—19 Am. & Eng. Encyc. p. 596, note.

SIMPSON, J.—The bill in this case was filed by the appellees for a sale of lands for division, and also to cancel a deed made to the ancestor of appellant. The lands in question, being certain lots in Citronelle, were originally the property of one Loper. About 1888 the possession of said property passed from Loper to George

W. Gartman, and was occupied by him as his homestead. In 1895 said Gartman removed to other lands in the country, on which he lived until his death in 1896; but his wife, Susannah J. Gartman, refused to go to the country, and continued to occupy said homestead, and after his death remarried, becoming Susannah J. Lightner.

Gartman took possession of the land under a verbal contract of purchase, and the witnesses for the respondent testify that he had paid the purchase money, but he never received any deed to the land, and, after his death, to wit, on October 21, 1898, his said widow paid Loper $50, and received from him and his wife a deed conveying to her said property, she still continuing to reside thereon. On the 6th day of August, 1903, R. M. Sendd, as administrator of the estate of said George W. Gartman, filed in the probate office of the county a petition for the sale of the lots in question and the land in the country for the payment of debts of the estate and for distribution, making, as parties defendant, a number of heirs, and the said widow, Susannah J. Gartman. Said widow filed an answer to said petition, denying that said George W. Gartman owned said property, stating that he had entered under a verbal contract of purchase, that he had paid no part of the purchase money, at the time of his death, and that she had acquired the title to the same by the purchase from Loper, if he had acquired any interest in the property, it was his homestead, and, as said property and all other land owned by him at the time of his death was of less value than $2,000, the lots vested in her and her minor children as a homestead. Said probate court decreed that the land in the country constituted the homestead of George W. Gartman at the time of his death; that he had the equitable title to the lots involved in this suit;

that the widow and her minor children were entitled to homestead in the land in the country, but not in the lots in Citronelle. It was accordingly ordered that said lots be sold in conformity to the prayer of the petition. No sale having been made under the decree, on the 30th day of March, 1905, said Susannah J. Lightner and her husband, E. K. Lightner, conveyed the lots in question to E. H. Johnson. The amended bill of June 5, 1906, made said E. H. Johnson a party defendant to the bill in this case, and, his death being afterwards suggested, his widow and heirs were substituted as parties defendant.

The contention of the appellant is that said E. H. Johnson, being the purchaser of the legal title, as it appeared of record, and having no notice of any other claim to the property, was an innocent purchaser, without notice, as claimed in the cross-bill of respondents, and they are entitled to have their title to said lots declared to be valid and free from all incumbrance. The appellees claim that the proceedings in the probate court operated as notice to said Johnson, under the doctrine of lis pendens, and that all the interest which the Johnsons are entitled to claim is the dower interest of said Susannah J. Lightner in the property in question.

This case was before this court at a previous term on an appeal from an order of the probate court, setting aside and vacating the decree of sale of August 2, 1904, and it was held that said original decree was valid, and that said probate court could not, at a subsequent term, vacate the same.—*Gartman et al. v. Lightner et al.,* 160 Ala. 202, 209, 49 South. 412.

As preliminary to the main issues in this case, the amendments to the bill made by interlineations in red ink did not require that an additional footnote be made. —3 Mayfield's Digest. p. 301.

Although it is true that this case was submitted for
decree October 20, 1907, under an agreement allowing
90 days within which to take testimony, yet the case
was continued over from time to time, amendments,
demurrers, answer, cross-bill, etc., were filed, submis-
sions and decrees on demurrers, etc., were had, and va-
rious proceedings, indicating that the parties were treat-
ing the case as if the submission had been set aside, and
the respondents had examined a witness, whose testi-
mony was filed February 6, 1908. While it would have
been more regular and proper to have had the submis-
sion formally set aside before taking testimony, although
the respondents, on November 2, 1909, objected to the
issuance of a commission to take testimony, yet there
was no reversible error in the order of the chancellor
setting aside the former submission on the 18th of No-
vember, 1909, and declaring that the order have effect
from the adjournment of the April term, 1908, and con-
sequently admitting the testimony which had been reg-
ularly taken in the meantime.

The submission had really ceased to be effective.

The appellant insists that the doctrine of lis pendens
does not apply to proceedings in the probate court, part-
ly because the deceased, George W. Gartman, did not
hold the legal title to the land in question, and partly
because, under our statutes, the administrator does not
make any inventory of the lands, nor assume to dispose
of them except in certain cases. It is nevertheless true
that the lands of the deceased can be, and often are, dis-
posed of by proceedings in the probate court, in which
the title and interest of the various parties must neces-
sarily be determined. Hence no good reason appears
why the doctrine does not apply as fully to proceedings
in the probate court as to any other.

The proceedings in said court for the sale of lands are in rem against the land itself.—*Wyman et al. v. Campbell et al.,* 6 Port. 219, 232, 31 Am. Dec. 677; *Lyons v. Hamner,* 84 Ala. 197, 198, 4 South. 26, 5 Am. St. Rep. 363.

While it is true as a general proposition that the probate court is not a proper tribunal in which to litigate questions as to title to lands, yet it necessarily results from its functions in selling lands, making distribution of the proceeds, setting apart homesteads, etc., that it must ascertain whether the lands belong to the decedent, what the interests of the various parties are, etc. This court has said: "It is obliged to receive the ordinary evidence of a claimant's right to his property, otherwise every proceeding of this sort would be defeated by a simple denial of his title, on the part of the contestant."—*Guilford v. Madden,* 45 Ala. 290, 293; *Ford v. Garner,* 49 Ala. 601, 602, 603; *Hillens v. Brinsfield,* 108 Ala. 605, 615, 616, 18 South. 604; *Layton v. Campbell,* 155 Ala. 220, 222, 223, 46 South. 774, 130 Am. St. Rep. 17.

The provisions of section 3176 of the Code of 1896 have no application to sales under section 3178.—*Sherer v. Garrison,* 111 Ala. 228, 231, 19 South. 988; *Layton v. Campbell, supra.* In the case of *Greenwood v. Warren et al.,* 120 Ala. 71, 76, 23 South. 686, this court recognized the application of the doctrine of lis pendens in proceedings in the probate court, but it was held not applicable in the case only because the matter being tried in the subsequent equity case, to wit, undue influence in the execution of a mortgage, was not and could not be before the probate court. One who purchases property from one of the parties pending a bill filed (in chancery) for sale and division takes it subject to the hazard of the pending litigation, and the decree against the parties

[Johnson v. Gartman, et al.]

litigant is equally binding against the purchaser.—
*Stein et al. v. McGrath et al.,* 128 Ala. 175, 180, 181, 30
South. 792. There can be no reason why the mere fact
that the proceeding were in the probate court should
change the rule, and the courts have so held.—*Draper
v. Barnes,* 12 R. I. 156; *Mowry v. Robinson,* 12 R. I. 152,
155; *Parks v. Smoot's Adm'r,* 105 Ky. 63, 48 S. W. 146;
*Harris v. Davenport,* 132 N. C.697, 44 S. E. 406.

There is a case in which the Kentucky Court of Ap-
peals held that a proceeding by the heirs of an estate
for a sale of lands for division among themselves was
not such a lis pendens as would authorize the chancellor
to entertain jurisdiction to turn out one who entered,
claiming the land as his own, pending the litigation.—
*Clarkson v. Barnett's Heirs,* 14 B. Mon. (Ky.) 164,
165; but, without deciding whether that case is not con-
trary to our own decisions above cited, the facts are en-
tirely different from the case now under consideration,
in that the intruder did not claim by purchase from one
of the parties to the suit, and the court differentiates
it from a case "where a suit is brought to subject it to
sale for the payment of a debt, and, pending the suit, a
person has gained the possession by purchasing the right
of the original defendant."

In the present case the proceedings in the probate
court were to subject the lands for the payment of debts,
and the widow (the vendor of respondents), being a
party to the proceedings, presented to the court for de-
termination the very question upon which depends the
title of the respondents, to wit, that the entire title to
the land had been acquired by her and that the land did
not belong to the estate of the decedent; also, the alter-
nate proposition that, if the land did belong to the es-
tate of the decedent, it constituted his homestead, and
vested in her and children, at his death, both of which

contentions were decided against her. The court subjected to the sale the equitable interest held by George W. Gartman at his death, which it had the right to do. —*Jennings v. Adm'r of Jenkins et al.,* 9 Ala. 286, 290; *Evans, Adm'r v. Matthews,* 8 Ala. 100, 102, 103; *Vaughn & Hatcher, Admr's, v. Holmes et al.,* 22 Ala. 593, 594, 595; *Jones v. Woodstock Iron Co.,* 95 Ala. 551, 558, 559, 10 South. 635. Under the case last cited, the equitable title was all that the probate court could subject. It is true that a party claiming the benefit of the doctrine of lis pendens is required to prosecute his action to final judgment, and such an unreasonable delay as would amount to the abandonment of the action would terminate the lis pendens.—25 Cyc. 1470.

In the present case the decree of sale was rendered August 2, 1904, the conveyance by Mrs. Lightner to Johnson was made on March 30, 1905, the original bill in this case was filed May 10, 1905, and it alleges that the property was advertised to be sold under the decree on September 19, 1904, and that no bidders could be obtained on account of Mrs. Lightner's appearing on that day and giving notice that she claimed the property. We hold that the facts of this case do not authorize the invocation of the principle last referred to; nor was there such laches as to preclude the complainants from filing this bill.—*Shorter et al. v. Smith et al.,* 56 Ala. 208, 210; *First National Bank v. Nelson,* 106 Ala. 535, 542, 18 South. 154; *Pratt Land & Imp. Co. v. McClain,* 135 Ala. 452, 459, 33 South. 185, 93 Am. St. Rep. 35.

From what has been said, it results that the probate court properly directed the equitable interest in said lots to be sold, yet the legal title remained in Mrs. Lightner and passed to Johnson by her conveyance, and as the evidence shows that the purchase money was fully paid by George W. Gartman, making a "perfect

equity," his widow held the dower interest, which was conveyed by her deed to Johnson. While there is no appropriate prayer in the bill, yet under the general prayer of the bill the decree will be corrected so as to declare that the legal title being in the Johnsons, for the benefit of the complainants, the same is divested out of them and invested in the complainants.

The decree of the court as corrected is affirmed.

Corrected and affirmed.

MCCLELLAN, MAYFIELD, and SAYRE, JJ., concur.