# Johnson *et al. v.* Ray.

### *Petition for Sale of Lands for Partition.*

| 67 | 603 |
| 98 | 434 |
| 67 | 603 |
| 109 | 612 |
| 67 | 603 |
| 111 | 231 |

1. *Partition ; proceedings for sale of land for, on petition not containing jurisdictional averments, is void.* — A proceeding before the probate judge for the partition of land among several joint tenants, or tenants in common (Code, § 3514), is *coram non judice* and void, when the petition does not contain the averments necessary to give the court jurisdiction.

2. *Same ; when petition for sale of lands for is fatally defective.*—In this case the petition is fatally defective, because it does not appear to have been filed by any person entitled to ask a partition; and because it does not set forth the interest of each tenant in the land; and because it does not specify the number of shares into which the land or money is to be divided.

APPEAL from the Probate Court of Cherokee.

Heard before Hon. James H. Leath.

On October 7th, 1878, Teague H. Ray filed a petition in the Probate Court of Cherokee county, the material averments of which were as follows : "That Isaac L. Ward, late of said county, has been dead more than two years, and that at his death he was seized and possessed of the following described lands (describing them); that no administration has been had on the estate of Isaac L. Ward, deceased ; that T. L. Ward, who is over twenty-one years of age, resides at Comanchie, Texas, Martha Ray, wife of T. H. Ray, Roxanna Johnson, wife of W. L. Johnson, Amanda Aiken, wife of Archibald Aiken, Mary Johnson, wife of Iredell Johnson, Isaiah Johnson, Martha Greer, John and Amanda Ward, and Sarah Sandford, all of whom are over twenty-one years of age and reside in Cherokee county, Alabama, and William Ward, who is over twenty-one years of age, and resides at Greenbriar, Arkansas, are the sole heirs and distributees of said estate of Isaac L. Ward; that said lands cannot be fairly, equitably or beneficially divided among the heirs and

[Johnson et al. v. Ray.]

distributees of said estate without a sale thereof; that petitioner and his wife are distributees of said estate and entitled to one twenty-first part of said lands or the proceeds of the sale thereof; that it is necessary to sell said lands for distribution. The premises considered, the petitioner prays that notice may be given, &c., and that on the final hearing your Honor will grant an order decreeing said lands to be sold."

Testimony was taken, a sale ordered to be made by commissioners appointed by the court for that purpose, and the sale made and confirmed. Thereupon several of the heirs filed a motion to set aside the sale, because it was void, not having been made on the application of any of the joint owners or tenants in common of the lands, or by a guardian or lawful representative of any one of the joint owners or tenants in common of the lands, and because the purchaser of the lands had notice of these facts. The court overruled this motion, and its action in doing so is the error assigned.

WALDEN & SON, for appellants.

McCONNELL & SAVAGE, for appellee.

STONE, J.—The present appeal grew out of a statutory proceeding to obtain a sale of lands for partition, under section 3514 of the Code of 1876. To render such proceedings valid, the petition must contain enough to give the court jurisdiction.—1 Brick. Dig. 939, §§ 351, 356.

The petition in the present case is fatally defective, in the following particulars: First, The proceeding is not on the application of the persons entitled thereto, or of any one of them.—Code, § 3497. Second, The petition does not set forth the interest of each person—tenant in common—in the lands of which partition is sought; and, third, it does not specify the number of shares into which the land or money is to be divided.—Code, § 3498.

The Probate Court never having acquired jurisdiction in the premises, the whole proceeding is *coram non judice* and void, and should have been so declared in the Probate Court. *Whitman v. Reese*, 59 Ala. 532; *Jones v. Brooks*, 30 Ala. 588.

Reversed and remanded, that the Probate Court may make an order, vacating and annulling the order of sale.