# McCorkle v. Rhea.

### *Ejectment.*

75  213
98  484
75  213
108  613
75  213
111  231

1. *Petition for sale of lands for division among joint owners; jurisdictional averment.*—An application to the probate court under the statute, for the sale of lands owned by tenants in common, for division among the owners, "must set forth the names of all the persons interested in the property" sought to be sold. This is a jurisdictional averment; and an order of sale granted on an application which, on its face, shows that it has failed to set forth the names of all the persons interested in the property, is void, and a purchaser at a sale made thereunder acquires no title.

2. *Same.*—Hence, an order for the sale of lands, in such case, granted on the application of the administrator of a deceased tenant in common, which avers that his intestate owned, in his life-time, a designated undivided interest in the lands, but does not set forth the names of the persons who owned such interest at the time of the application, or to whom it descended on the death of the intestate, is void; and the title of the heirs is not divested by a sale made under such order.

[McCorkle v. Rhea.]

APPEAL from Etowah Circuit Court.

Tried before H. C. SEMPLE, Esquire, acting as Special Judge. The facts are sufficiently stated in the opinion.

S. F. RICE and J. W. INZER, for appellants.

DENSON & DISQUE, contra.

SOMERVILLE, J.—It is admitted that the plaintiffs can recover in the present action, which is one of ejectment, unless the title of the lands sued for was divested out of them by certain proceedings in the probate court of St. Clair county, which transpired in the year 1859, on the application of the administrator of James Hampton, deceased, under whom the plaintiffs claim title as children and next of kin.

The application was made for the sale of these lands for distribution among the joint owners or tenants in common, upon the alleged ground that they could not be equitably partitioned or divided among them without a sale. It was made, as authorized by the statute, by the personal representative of a deceased person in interest, who during life was one of the joint owners.

It is insisted that the application was fatally defective in failing to set forth the names of all the persons who were interested in the property, and that this being a jurisdictional allegation, required by statute, and the defect appearing upon the face of the record, the probate court was without jurisdiction to order the sale, and the purchaser for this reason acquired no title, and none was divested out of the plaintiffs.

It is our opinion that this position is well taken, and that the plaintiffs were, therefore, entitled to a recovery. The application was made under the provisions of the act approved February 5, 1856, amendatory of section 2677 of the Code of 1852. Pamph. Acts, 1855–56, pp. 20–22. This statute, together with the act of February 8, 1858, relating to the same general subject-matter (Pamph. Acts 1857–58, p. 252), is found embraced in the Code of 1867, sections 3105 to 3126 inclusive. The history of this legislation shows that proceedings for the *partition* of property owned by tenants in common, and those for *distribution by sale* among the same class, constitute but one entire system, which is *in pari materia*, and must necessarily be construed together as parts of one whole.—*Turnipseed v. Fitzpatrick*, at present term. It is manifest that the statute requires that each class of applications—those praying the sale of property for distribution, as well as those praying for partition—"must set forth the names of *all the persons interested* in the property [prayed to be sold] and their resi-

dence," with a full and accurate description of the property, if it be land, with the interest of each person in the same." Code, 1852, § 2678; Pamph. Acts, 1855–56, p. 20; Pamph. Acts, 1858, p. 252; Rev. Code, 1867, §§ 3105–6; *Ib.* §§ 3120–21; Code, 1876, §§ 3497–98; *Ib.* §§ 3514–15; Freeman on Void Jud. Sales, p. 33.

The application in the present case, which is under our review collaterally, is fatally defective in the foregoing particular. We only know its contents by the recitals contained in the judgment of the probate court, which we may deem sufficient without the production of the written application, as the court is shown to have received, and acted upon it.—*Bland v. Bowie*, 53 Ala. 159; *Pettus v. McClannahan*, 52 Ala. 55. It avers that James Hampton, the decedent, owned during his life-time two undivided fifths of the land, and that three other persons named owned the other undivided three-fifths, in equal proportions. It is not averred who owned the interest of Hampton, or to whom it descended after his decease. It was impossible that the title to his interest could remain in abeyance. It must have been owned by, or have vested in some one. Under the statute the real estate of persons dying intestate descends, subject to the payment of debts, and other charges, to the heirs or next of kin of the decedent in an order prescribed.—Code, 1876, § 2252. The application should have shown who these heirs or next of kin were, in order that they might have been brought before the court, and have had an opportunity to defend their interests.—Freeman on Void Jud. Sales, p. 33. This was a jurisdictional allegation, and its omission was fatal to the jurisdiction of the court ordering the sale. In the absence of such jurisdiction, the purchaser acquired no title to the lands in controversy.

The question here involved was determined in accordance with the foregoing view in *Whitman v. Reese*, 59 Ala. 532, where it was held necessary to the jurisdiction of the probate court, in proceedings of this nature, that the petition should aver the names of all persons who are interested in the property, and that, in the absence of such jurisdictional allegation, the proceedings were entirely void. This ruling was reaffirmed in *Johnson v. Ray*, 67 Ala. 603.

Perhaps these cases are not in strict analogy to the line of decisions, so long prevailing in this State, in which it is held, that, upon application by an administrator to sell the lands of a decedent, the failure of the petition to state the names of the heirs, although expressly required to be done by the statute, is not the omission of a jurisdictional averment, which would render the sale void, but a mere irregularity rendering the judgment reversible on error.—*Duval v. McCloskey*, 1 Ala.

[Downing v. Blair.]

708 ; *Matheson v. Hearin*, 29 Ala. 210. This principle has become a rule of property in this State in this particular class of cases, and under its influence many titles have, no doubt, been acquired. However unsound we might be disposed to regard it, we do not feel at liberty to depart from it at this time.

We are not disposed to extend it, however, to proceedings instituted under sections 3497 and 3514 of the Code, where an application is made for the partition of property among joint owners, or for an order of sale of such property made with the view of distributing the proceeds of sale among those entitled. The two classes of cases are now too well recognized by our decisions to be disturbed or overturned.

We need notice no other points raised by the record.

The judgment of the circuit court is reversed, and the cause remanded.