# Whitlow v. Echols.

## *Statutory Real Action.*

1. *Sale of lands for partition under order of Probate Court; what irregularities will not invalidate, when collaterally assailed.*—In decreeing a sale of property for partition, the Probate Court is a court of statutory and limited jurisdiction, and every fact necessary to sustain its jurisdiction must affirmatively appear on the face of the proceedings; yet, when the proceedings have ripened into a decree and sale, and they are collaterally assailed, a liberal construction will be given to the petition or application, by which the proceedings were initiated; and if, when thus construed, its averments are sufficient to sustain the jurisdiction of the court, subsequent irregularities will not invalidate the proceedings.

2. *Same; what petition sufficient to sustain decree when collaterally assailed.*—The petition being filed by an administrator and two other per-

[Whitlow v. Echols.]

sons, and alleging that they are the joint owners of the land "in the following proportions of interest—the estate of said E. owns an undivided half interest in and to the same, and the said E. C. and J. N. the remaining undivided half interest in and to the same"—this averment is sufficient (Code, § 3948), when the proceedings are assailed collaterally, to sustain the jurisdiction of the court to decree partition as between the decedent's estate and the other two petitioners.

3. *Same.*—If the petition shows on its face that there is a person in interest who is not named and brought in as a party, it is fatally defective, and the proceedings founded on it will be held void for want of jurisdiction even when collaterally assailed; but when the fact is shown only by evidence *debors* the record, it does not affect the validity of the sale, so far as the interest of the parties named is concerned.

4. *Statutory real action; who can recover in.*—When several persons join as plaintiffs, in a statutory real action, all must recover, or none of them can.

APPEAL from Macon Circuit Court.

Tried before the Hon. J. E. COBB.

This was a statutory real action brought by the appellees, who are the heirs at law of John H. Echols, to recover certain lands in the possession of appellant. It was proved that John H. Echols died intestate, leaving the plaintiffs as his only heirs at law, and that in his life time he owned an undivided half interest in the lands in question. In 1876 one Breedlove, as administrator of Echols, John Neal and Eugenia Chappell filed a petition in the Probate Court, alleging they were the joint owners of the property "in the following proportions of interest, to-wit: the said estate of John H. Echols owns an undivided half interest in and to the same, and the said Eugenia Chappell and John Neal the remaining one half interest in and to the same." The petition, after alleging that the lands could not be equitably divided, and praying a sale for division, purported to set out a list of the heirs of John H. Echols, which does not contain the name of one of the plaintiffs in the present case.

The Probate Court, on the hearing of petition, decreed a sale of the property, and appointed commissioners who made the sale, and acting under decrees of the court made a deed to the purchaser, from whom the lands have passed by regular conveyances into the possession of the defendant. This was all the evidence.

The court then charged the jury, that if they believed the evidence, they must find for the plaintiff. The defendant objected to this charge, and here assigns the same as error.

R. F. LIGON, S. B. PAINE, and R. H. ABERCROMBIE, for appellants.

WALPOLE C. BREWER, *contra.*

CLOPTON, J.—The plaintiffs' right to recover depends upon the validity of certain proceedings in the Probate Court for the sale of the lands in controversy, for partition between tenants in common, from which the defendant derives and claims title. It is conceded, that the Probate Court, in the matter of the sale of property for partition, is a court of statutory and limited jurisdiction, and that to the validity of its decrees it is essential that every jurisdictional fact shall appear on the face of the proceedings. But when jurisdiction attaches, by the presentation of a sufficient application, all subsequent proceedings are questions of irregularity, and all reasonable intendments will be made, on a collateral attack, to support its decrees.

The application for the sale of the lands was made by the administrator of John H. Echols, the ancestor of the plaintiffs, and by Eugenia Chappell and John H. Neal. The application was in writing, and sets forth, that the estate of Echols and the other two applicants are the joint owners of the lands "*in the following proportions of interest, to-wit: the said estate of John H. Echols owns an undivided one half interest in and to the same, and the said Eugenia Chappell and John Neal the remaining undivided one half interest in and to the same.*" It is insisted that the petition is fatally defective; in that, it does not set forth the interest of each person in the property.

By our decisions, it has been uniformly held, that when the petition is directly assailed in the primary court, or on appeal, by demurrer or otherwise, it is a matter of the sufficiency of the pleading, and all intendments will be made against the pleader; but after the proceedings have progressed to a decree of sale, a sale made thereunder, and rights of property have attached, the reverse rule prevails; and in the construction of the petition, when collaterally assailed, every reasonable intendment from the language will be made in support of its sufficiency and validity. In *King v. Kent*, 29 Ala. 542, Walker, J., said: "While the principle, that the jurisdiction of courts of limited authority must be shown by the record, is too deeply rooted in our law, for us to supply by intendment the omission of the jurisdictional facts from the record, authority, public policy, and justice alike require that, in determining whether the record does disclose the jurisdictional facts, we should construe the language of the record most favorably for the maintenance of the decree, and where words are susceptible of two or more constructions, adopt that which will sustain the decree. We should understand the petition as it is reasonable to infer that the party who made it and the judge who acted upon it did understand it, and not as they were bound to understand it." The same rule has been re-asserted in several cases.

[Whitlow v. Echols.]

*Wright v. Ware,* 50 Ala. 549; *Bibb v. Orphans' Home,* 61 Ala. 326; *Robertson v. Bradford,* 70 Ala. 385; *Pollard v. Hanrick,* 74 Ala. 334. The rule does not authorize presumptions of jurisdictional facts; but applies only to the construction of the phraseology of the application, in determining whether the jurisdictional facts are shown, after the matter has ceased to be a question of pleading, and the proceedings have ripened into a decree, and property rights have accrued, and the decree is collaterally assailed.

It may be conceded that, if the sufficiency of the application had been assailed by demurrer, or on appeal, it would have been adjudged defective. The allegations, as to the interest of each person, and the number of shares into which the money is to be divided, are not as clear and distinct, as the rules of pleading require. The sufficiency of the petition, as a question of pleading, is considered as adjudicated, and is not the subject of further examination. To sustain the jurisdiction on a collateral attack, it is not necessary that the petition shall employ the statutory words; language of equivalent meaning is sufficient, and if the application substantially conforms to the statute the jurisdiction will be maintained. This application of the rule, which requires a liberal construction for the maintenance of the decree, is demanded by public policy, and is in favor of upholding judicial sales, and quieting titles.

The petition alleges, that the estate of Echols owned an undivided half, and that Chappell and Neal owned the other undivided half. When a deed conveys land to two jointly, without expressing the interest of each, the law raises the presumption, that they are equally interested, each taking a moiety. *Long v. McDougald,* 23 Ala. 413; *Walthall v. Goree,* 36 Ala. 728. If the petition had averred, that the estate of Echols owned one half, and Chappell and Neal owned one fourth each, there would have been no question as to its sufficiency to confer jurisdiction. The petition contains an allegation of equivalent meaning and effect. The averment that Chappell and Neal owned an undivided half interest is, in legal contemplation and meaning, the equivalent of an allegation that they owned it jointly, each being entitled to a moiety thereof. A *joint* ownership of an *undivided* half of the land gives and shows a *joint* right to one half of the money, the proceeds of the sale. On a partition between Echols, as the owner of an undivided half, and Chappell and Neal as joint owners of the other undivided half, it was not necessary, and it may be that the court would not have jurisdiction, to make partition between the joint tenants of one undivided half, when the petition did not ask for a division of their interests. Giving a liberal construction to the language of the petition, we think it sufficiently

14

sets forth the interest of each person in the property, and shows the number of shares into which the money is to be divided, to maintain the validity of the decree of sale on a collateral attack.

It is also insisted, that the Probate Court did not acquire jurisdiction, for the reason that one of the children and heirs of John H. Echols is not named in the petition, and the interest of such child is not set forth. The question presented is, does the fact, that a person, who has an interest in the property, is not named in the petition, and his interest is not set forth, when the petition does not disclose any outstanding interest, oust the court of jurisdiction, which has been acquired by an application containing the substantial allegation of every jurisdictional fact, make its decree void, and defeat rights of property that have attached? In *McCorkle v. Rhea*, 75 Ala. 213, we held, that an order of sale, granted on an application for the sale of property for partition, which shows *on its face* that it has failed to set forth the names of all the persons interested in the property, is void, and a purchaser at a sale made thereunder acquires no title. From this ruling we find no reason to depart; but our decisions have gone no farther. A purchaser of land is charged with notice of everything, which appears in his chain of title, in every instrument which constitutes the title purchased; and hence, of a fatal defect in the application for a sale for partition; but he can not be charged with notice of the defect, when it does not appear on the face of the instrument.

The general rule is, that a judgment or decree will not be declared void, when collaterally attacked, and its invalidity appears from facts *dehors* the record. An exception to the rule is, where a party to the proceeding was dead at the time of the rendition of the judgment; and there may be other exceptions established by practice long continued, or created by statute. *Johnson v. Johnson*, 40 Ala. 247. If the rule prevails, that the jurisdiction of the court once acquired by a proper petition is ousted, and its decree and sale had thereunder are wholly invalid, because there is some person, who has an interest in the property, not shown by the application, but subsequently disclosed, it will produce uncertainty in judicial sales, deter purchasers, and cause the sacrifice of property. A rule of law, productive of such consequences, does not command favorable consideration, and should not be promulgated, unless compelled by principles and practice, so long settled and followed that their continued recognition is promotive of less public evil and inconvenience, than their non-observance.

It is well settled, that jurisdiction having once attached, it is the duty and prerogative of the court to hear and determine

[Campbell & Wright v. Conner.]

the facts, on which the desired action is claimed, and to adjudge the sentence of the law ; and its decree, when collaterally questioned, will be conclusive of the rights of the parties, unless impeached for fraud.—*Cornett v. Williams*, 20 Wal. 226. In *Landford v. Dunklin*, 71 Ala. 594, it was held, that when the Probate Court grants an order of sale on a petition, in which the petitioner averred that he is the administrator of the estate, and containing the other jurisdictional facts, the court is presumed to have adjudged every fact and question essential to the validity of the order, including the fact that the petitioner is the personal representative of the estate ; and that the sale can not be impeached in a collateral proceeding, on the ground that he had ceased to be administrator before the petition was filed, or that the grant of letters to him was invalid. *May v. Marks*, 74 Ala. 249 ; *Farley v. Dunklin & Reese*, 76 Ala. 530. On like principle, when the court granted the decree of sale for partition, on the petition, which averred who were the co-parceners, and their respective interests, it is presumed that the court adjudged that they were the co-parceners, and that their interests were as set forth, and that they were the persons interested in the property. These facts are immediately and directly involved, and their ascertainment necessary to a decree of sale. The decree is final and conclusive on the parties to the proceedings, and the sale can not be impugned, in such case, by evidence that some person, other than those shown on the face of the application only to be interested, had an interest in the property. The sale operates to pass the title of those who are parties.

We do not decide, that the decree is conclusive on the plaintiff, who was not a party, nor do we mean to intimate any opinion as to his rights ; but as this is a statutory real action, there can be no recovery by the plaintiffs, unless all are entitled to recover.

Reversed and remanded.