# Ballard *v.* Johns.

*Petition in Probate Court, by Tenant in Common, for Sale of Real and Personal Property for Distribution.*

1. *Requisites of application.*—In an application for the sale of property for division or distribution among several tenants in common (Code, §§ 3498, 3515), the petition must set forth the names and residences of all the parties interested in the property, and this statutory requirement, which is jurisdictional, includes the petitioner.

[Ballard v. Johns.]

2. *Same; death of co-tenant.*—If the petition shows that one of the tenants in common has died, it must show to whom his interest has descended, or in whom it has become vested, and such persons must be made parties.

3. *Administrator ad litem for deceased co-tenant.*—If it appears that the deceased tenant owed debts at the time of his death, the court should appoint an administrator *ad litem* to protect the interest of creditors.

4. *False claim does not oust jurisdiction.*—Although a partition or sale can not be decreed by the Probate Court, where an adverse claim or title is asserted (Code, § 3512), yet the jurisdiction of the court will not be ousted by a false assertion of an adverse claim by one of the defendants.

5. *Surviving husband necessary party.*—The surviving husband of a deceased tenant in common is a proper and necessary party to proceedings for partition.

APPEAL from Montgomery Probate Court.

Heard before the Hon. F. C. RANDOLPH.

The facts sufficiently appear in the opinion.

MOORE & FINLEY, for appellants.

WATTS & SON, *contra.*

SOMERVILLE, J.—The case is one originating in an application by a tenant in common of real and personal property to have it sold for distribution, on the ground that it can not be equitably partitioned or divided among those interested, without a sale.—Code, 1876, § 3515.

1. Such an application is required by statute to set forth the names of all the persons interested in the property prayed to be sold, and their residences, giving a full and accurate description of the property, with a statement of the interest of each person in the same, and of the number of shares into which it is to be divided.—Code, 1876, §§ 3498, 3515. And these allegations have been held to be jurisdictional.—*McCorkle v. Rhea,* 75 Ala. 215.

2. The present application is defective in failing to state the residence of the petitioner. The requirement of the statute is that the names and residence of "*all* the parties interested in the property" must be set forth. The exaction is statutory, and includes the petitioner as well as the other parties interested.—Code, § 3498.

3. It fails, moreover, to aver with sufficient certainty the interest of the parties. Ellen Johns, who was one of the heirs of a common ancestor, Zephaniah Johns, is averred to have died before the filing of the petition, but it is not averred that she died without issue, or that the other persons named are her heirs, and how they are such. The Probate Court, in pro-

3

ceedings of this nature, deals with the legal title of the lands, and must know in whom it is vested and who is seized of the freehold. Our statutes no where abrogate the established rule of pleading, that where one claims by inheritance he must, in general, show how he is heir, and if he claims by mediate, not immediate descent, he must also show the pedigree.—Stephen on Pl. (Tyler) 293.

These defects are sufficient to require a reversal of the judgment and a remandment of the cause.

4. Where the petition states, with sufficient particularity, the contents of the application, as required by the statute, including especially "the interest of each person" in the property sought to be divided or partitioned, and "the number of shares into which it is to be divided," and it is further made to appear, by averment and proof, that one or more of the tenants in common, or joint owners, had died owing debts at the time of their decease, the Probate Court, in our judgment, would be authorized to appoint an administrator *ad litem* to protect the interests of the creditors of such decedent under certain circumstances. The statute itself would, in many cases, become a dead letter if this was not so. Section 3515 of the Code, 1876, authorizes such an application to be filed by the executor or administrator of a deceased person in interest; and section 3520 provides that "should any of the parties interested in property, whether the same be real or personal, held in common, die, then the provisions of this chapter [relating to the whole subject of partitioning or dividing property among joint owners] shall fully apply to his executor or administrator." These sections must be construed to authorize a personal representative of such decedent to be made either party plaintiff or defendant to such a proceeding.

5. The appointment of an administrator *ad litem*, was authorized by the act approved March 17, 1875, now comprising sections 2625–2630 of the Code of 1876. A probate judge, since the passage of this act, is empowered, in all proceedings pending in his court, to appoint an administrator *ad litem*, for the particular proceeding, whenever the necessities of the case require that the estate of a deceased person should be represented, and there is no executor or administrator of such estate, the facts rendering such appointment necessary appearing in the record of the case, or being made known to the court by affidavit of one interested. No bond is required of such appointee, and he is not authorized to receive any money of the estate. The judgment may be rendered in his favor, for the use of the estate, but the officer collecting it pays it over to the judge of probate and not to the administrator *ad litem*.—Code, 1876, § 2626.

[Ballard v. Johns.]

6. The averment of the petition that, "the estate of Ellen Johns" was interested in the property, taken in connection with the other facts stated, must be construed to mean that the administrator *ad litem*, representing the creditors of the decedent, was interested in the proceeds of such property to the extent mentioned.

7. The jurisdiction of the Probate Court was not ousted by the mere unsubstantiated assertion of an adverse claim or title, by the defendant, Ballard, to the land described in the petition. It is true that section 3512 of the present Code seems to so declare by providing that "no division or allotment can be made under this chapter, where an adverse claim or title is asserted by any one, or brought to the knowledge of the commissioners, or judge of probate." This but announces an old rule long made applicable to the entertainment by Chancery Courts of bills for partition of real property, the purpose of which was to prevent the making of a proceeding of this nature a substitute for an action of ejectment to try controverted land titles. A false or unsupported assertion of adverse claim or possession, by a defendant, is not sufficient. There is required a *bona fide* assertion of such fact, as a true existing *status*, as distinguished from a bare denial of complainant's title. This the court must investigate, with the view of inquiring whether it is well or ill founded. If it is clear that there has been in reality no such adverse possession, as to have constituted a disseizen or ouster of the petitioner—destroying the holding together of the joint owners—and that the complainant's title is good, or, that the court can entertain, on the facts presented, no serious doubts as to such title, it may proceed to hear the application. If this were not so, as has been well said, this jurisdiction would be placed "at the mercy of every profligate or unconscientious defendant, and render the court the mere ministerial agent to carry into effect the wishes of parties in cases where there were no matters of controversy between them."—*Overton v. Woolfolk*, 6 Dana, 374; Freeman on Co-tenancy and Partition, §§ 502, 147; Trial of Title to Land (Sedgw. & Wait) § 167; *Fennell v. Tucker*, 49 Ala. 453, 458; *McMath v. DeBardelaben*, 75 Ala. 68; *Deloney v. Walker*, 9 Port. 497; *Straughan v. Wright*, 4 Rand. 493; Code, 1876, §§ 3512, 3893; *Guilford v. Madden*, 45 Ala. 290.

The holding of one tenant in common is presumptively friendly to his co-tenants, and this presumption must usually continue until it is rebutted by proof of expulsion or ouster by the one or the other.—*Brady v. Huff*, 75 Ala. 80; Angell on Lim., § 419.

In this case the court did not err in holding that there had been no adverse possession by the defendant Ballard, and that the plaintiff's title was unembarrassed by serious doubt.

[Ballard v. Johns.]

8. It is insisted that the defendant, Zack Ballard, is not a proper party to this proceeding for partition, because he holds a mere life-estate in an undivided third part of the land. This interest or estate is created in him by section 2714 of the Code (1876), which gives the surviving husband of a deceased married woman, who may die intestate, seized of a separate estate, consisting of realty, "the use of the realty during his life." The statute requires all persons interested in the property to be made parties, and, even if this be construed to mean interested as joint owners or tenants in common, the husband would certainly, under the circumstances, be a tenant in common. All persons who hold by unity of possession are tenants in common. No unity of tenure, or unity of estate, is required, but only unity of the right of possession, although all of these unities may co-exist, and often do, in such tenancies.—4 Kent. Com. 367; Freeman on Co-ten. & Par. § 86. It is no objection, therefore, that one may hold his part in fee, and another for life, as in this case. Those so holding are still tenants in common.—Law of Real Property (Boone), § 357; 2 Black. Com. 191. It has been accordingly held that the widow of a tenant in common, who was entitled to dower in his undivided share, was not only a proper but a necessary party, to a proceeding for partition by one tenant in common against the others, although she would not be, if her deceased husband had been an owner in severalty, or of the entire premises in his sole right.—*Coles v. Coles*, 15 John. 319; Freeman on Co-ten. & Par. § 472.

9. The statute requiring the defendant, Ballard, to be made a party, his interest as a tenant in common, although but a life estate, is necessarily bound by a judgment ordering a sale of the land. The claim which he thus had upon an undivided third of the realty is by the sale transferred to the fund or money into which the realty has been converted. How the court shall proceed to ascertain this interest in money the statute fails to specify. The case is clearly one of legislative omission. Whether the end can be reached by a bill in equity, making all persons parties who are interested in the fund, or only by additional legislation curing the defect in the present statute, we are not now called on to decide. This obstacle, however, does not divest the Probate Court of its jurisdiction, which is clearly conferred in express words by the statute as it now stands.

What we have said must operate to reverse the judgment, and remand the cause, which is accordingly ordered.