# Morgan *v.* Farned.

*Statutory Action in nature of Ejectment.*

83 367
95 559

1. *Sale of lands for partition; sufficiency of petition.*—On application to the Probate Court for an order to sell lands for equitable division among the several joint owners or tenants in common, as on an application for partition among them (Rev. Code, 1867, §§ 3121, 3106; Code of 1876, §§ 3515, 3498), the petition must set forth the names of all the persons interested in the property, their residences, the interest of each, and the number of shares into which the property is to be divided; and these allegations are generally held to be jurisdictional.

2. *Same; appearance as waiver of defects in petition.*—An appearance by the defendants gives the court jurisdiction of their persons; their failure to object to the sufficiency of the petition, on account of its failure to state their residences, is a waiver of the defect; and the same rule applies to infant defendants, when duly represented by guardian *ad litem*, who files an answer for them, but does not object to the sufficiency of the petition.

3. *Same; averment as to interest of parties.*—Where the petition was filed by a widow in 1874, and alleged that she and her two infant children "are the joint owners and tenants of said lands," containing 160 acres, "are each entitled to one-third interest therein, and acquired their joint interest therein by reason of being the widow and minor children of said decedent, who died in said county, and whose estate was insolvent;" *held*, that these averments are sufficient, on collateral attack, to show the interest of the several parties, and the widow's right to file the petition.

APPEAL from the Circuit Court of Franklin.

Tried before the Hon. H. C. SPEAKE.

This action was brought by Peter S. Morgan and Joseph T. Morgan, against William Farned, to recover the possession of a tract of land containing 160 acres, with damages for its detention; and was commenced on the 21st January, 1887. The plaintiffs claimed the land as the children and heirs at law of Tarleton Morgan, deceased, who died in February, 1868; and they proved on the trial that their said father was seized and possessed of the land at the time of his death. The defendant was in possession of the land, claiming title as the purchaser at a sale made under an order of the Probate Court; and he offered in evidence the order of sale, the petition on which it was founded, a subsequent order confirming the sale, and the deed to himself as the purchaser. The petition was filed on the 24th February, 1874, by Mrs. Frances J. Brewer (formerly the widow of

said Tarleton Morgan) and her husband, James M. Brewer, and prayed a sale of the land for equitable division, alleging "that they are the joint owners, or tenants in common, with Peter Morgan and Tarleton Morgan, in and to the following described real estate, · · containing 160 acres, more or less; that said land can not be fairly and equitably divided between said joint owners or tenants in common; that the said Frances J. Brewer, Peter Morgan and Tarleton Morgan are each entitled to one-third interest therein; that they acquired their joint ownership in said lands by reason of being the widow and minor children of Tarleton Morgan, deceased, who died in said county, and whose estate was insolvent; that the said Peter and Tarleton are the children of said decedent, and are under twenty-one years of age; and that said Frances J. Brewer, formerly Morgan, was the wife of said decedent." On the filing of this petition, the court set a day for the hearing, and appointed a guardian *ad litem* to represent the infant defendants; and on the day appointed a decree of sale was rendered, which contains these recitals; "Now come said petitioners, and move the court to grant their petition; and comes also Jno. G. Bentley, as guardian *ad litem* of Peter and Tarleton Morgan, and consents to act as such, and denies all the allegations of said petition in writing. And it appearing to the satisfaction of the court that due and legal notice of the filing of said petition, and of the day appointed for hearing the same, has been given for thirty days, by posting up a written notice at the court-house door and three other public places in said county, all of the parties being residents of said county, requiring all persons interested to appear in said court on this day, and object to the same, if they saw proper; whereupon the judge proceeded to examine said petition, and the allegations therein, from which it appears;" setting out the averments and prayer of the petition, and then proceeding: "The premises considered, and it appearing to the satisfaction of the court that said lands are held and owned jointly by Frances J. Brewer, wife of James M. Brewer, Peter Morgan and Tarleton Morgan, and that the same can not be fairly and equitably divided between said parties without a sale, and that it is to the interest of said Peter and Tarleton Morgan that said lands be sold, which is more fully substantiated by proof taken as in chancery proceedings, and here of file; it is therefore ordered," &c., that the lands be sold as prayed. The sale was made on the 18th April, 1874, the defendant

in this case becoming the purchaser at the price of $640; was reported to the court, and duly confirmed; and a deed was executed to the purchaser under the order of the court, which was dated the 21st April, 1874.

The plaintiffs objected to the admission of each of these papers as offered in evidence, on the ground that the petition did not contain the allegations necessary to give the court jurisdiction, and that the proceedings were void for want of jurisdiction; and they excepted to the overruling of their several objections. The court charged the jury, on request, that they must find for the defendant, if they believed the evidence; and to this charge also the plaintiffs excepted. These rulings are now assigned as error.

JAMES JACKSON, and J. F. JACK, for appellants, cited *McCorkle v. Rhea*, 75 Ala. 213; *Johnson v. Ray*, 67 Ala. 603; *Whitlow v. Echols*, 78 Ala. 208.

WATTS & SON, and W. T. BULLOCK, *contra*, cited *Kellam v. Richards*, 56 Ala. 238; *Whitlow v. Echols*, 78 Ala. 208; *King v. Armstrong*, 14 Ala. 293: *Rutherford v. Smith*, 27 Ala. 417; *Murray v. Tardy*, 19 Ala. 710; *Parker v. Abrams*, 50 Ala. 35; *Pool v. Minge*, 50 Ala. 100; *Ratcliff v. Allgood*, 72 Ala. 119; 2 Brick. Digest, 367, § 57.

SOMERVILLE, J.—1. The statute provides, where a proceeding is commenced in the Probate Court, either for the partition of property owned by tenants in common, or for the sale of such property for distribution among the same class, that the application must set forth the names of all the persons interested in the property, and their residences, giving a full and accurate description, if it be land, with a statement of the interest of each person in the same, and of the number of shares into which it is to be divided. And these allegations are generally held to be jurisdictional. *McCorkle v. Rhea*, 75 Ala. 213; *Whitman v. Reese*, 59 Ala. 532; *Johnson v. Ray*, 67 Ala. 603; *Whitlow v. Echols*, 78 Ala. 206; *Ballard v. Johns*, 80 Ala. 32.

2. The alleged defect pointed out in the present case is, that the petition fails to set out the *residences* of the persons, who are described as interested in the property. This would, no doubt, be a good ground of demurrer to the petition, and a reversible error, on direct assailment by appeal. Perhaps it might be regarded as jurisdictional, if there was

no appearance of the defendants in the court below, but this we do not positively decide. But the matter of jurisdiction is divisible into that over the subject-matter,- and that over the person. While the former can not be obtained by consent, the latter may be—a voluntary appearance being regarded as a waiver of any want of service. The purpose of requiring the residences of the interested parties to be stated, can be only to better insure their identity, and the certainty of their being regularly made parties, and of having the opportunity to appear and defend. If they actually appear, therefore, and make defense, without interposing any objection based on the failure to state their residences in the application, this is a waiver of the irregularity, and the court obtains jurisdiction over the parties as fully as if there was no such omission in the application, analogous to the rule prevailing in the case of summary judgments rendered by courts possessing limited jurisdiction.—*Ratcliff v. Allgood*, 72 Ala. 119.

The defendants having here made an appearance, we are of opinion, that the defect in the petition does not vitiate the sale on collateral attack, the jurisdiction acquired over the subject-matter and the persons of the parties being complete.

3. The other objection is equally without merit. The petition avers the facts, that the petitioner and the defendants are joint owners of the lands; that each is entitled to a one-third interest therein; and that the land can not be fairly and equitably divided between the owners. These allegations, taken in connection with the description of the lands, confer jurisdiction, and they are not rebutted by any additional statement as to the manner in which the title was acquired. The fact that the petitioner, Mrs. Morgan, is described as the widow of the decedent, is not inconsistent with the fact of her being a joint owner of the lands. The petition alleges also the *insolvency* of the estate; and under the provisions of section 2061 of the Revised Code of 1867, in force at the time of the decedent's death, a homestead legally selected and set apart from the lands of the decedent vested jointly in the widow and children, as tenants in common. On collateral attack, we must presume that the allotment under this section was regular, in order to sustain the validity of the title acquired at the sale made under Probate Court proceedings. This is no unreasonable presumption, in view of the allegation of the insolvency of the estate, and the joint ownership of the lands.—*Pollard v. Hanrick*, 74 Ala. 334,

[Pratt Coal & Iron Co. v. Brawley.]

and cases cited on page 337; *Whitlow v. Echols*, 78 Ala. 206.

The court correctly admitted in evidence the Probate Court proceedings under which the defendant acquired title, and did not err in giving the general affirmative charge requested in his behalf.

Judgment affirmed.