# Lyons *v.* Hamner.

## Statutory Action of Ejectment.

1. *Sale of decedent's lands for equitable division; jurisdiction of court; omission to state names of heirs.*—On an application by an administrator for an order to sell lands for distribution, or equitable division, the jurisdiction of the court attaches on the filing of the petition alleging that the lands can not be equitably divided without a sale; and the proceedings being *in rem* as settled by numerous decisions of this court, the omission to make one of the heirs a party, or to state his name with the others, does not render the sale void, nor can he impeach it collaterally.

2. *Same; remedy of heir not made party.*—If one of the heirs is not named in the petition, or is not made a party to the proceedings, he may apply to be made a party, in order that he may sue out an appeal; and having this remedy, it can not be said that he is deprived of his property without due process of law.


APPEAL from Chambers Circuit Court.

Tried before Hon. JOHN MOORE.


E. G. RICHARDS, for appellant.


J. R. DOWDELL, *contra.*


SOMERVILLE, J.—The plaintiff, as one of the admitted heirs of Harrison Austin, deceased, shows herself to be en-

titled, *prima facie*, to a one-seventh undivided interest in the lands sued for in this action, which is one of ejectment under the statute.

The defendant sets up a title acquired by him under a sale made in November, 1885, by one Moore, as administrator of Austin's estate, on application to sell the lands for division or distribution among the heirs of the estate. The petition was in every respect regular, and in due form, except that it failed to designate the plaintiff among those named as heirs of the decedent. It is contended by appellant's counsel, that, in as much as she was not named in the proceedings in the probate court, as a party, or distributee, she can not be concluded by the sale made under that order of that court.

The precise point has many times been raised before this court, and has been adjudged against the view contended for by the appellant's counsel.

In *Duval's Heirs v. McLoskey*, 1 Ala. 708, decided in 1840, the administrator of Duval had filed his petition, under the act of 1822, praying the county court to sell the lands in controversy for the payment of debts. The petition, under which the sale took place, properly described the lands, and averred the jurisdictional grounds of sale, as required by the statute, but it failed to conform to the statute in defectively omitting to mention the names of any of the heirs. The proceeding was held to be one "*in rem*, against the estate of the intestate, and not *in personam*," and the omission of the names of the heirs was held to be an irregularity which would authorize a reversal on a direct appeal, but one that did not affect the jurisdiction of the court to make the sale, and could not be taken advantage of collaterally in an action of ejectment by the heirs for the land. The conclusion reached was based on the case of *Wyman v. Campbell*, 6 Port. 219, where it was decided, in 1838, and again reiterated in 1840, in *Lightfoot v. Lewis*, 1 Ala. 475, and other cases, that proceedings in the Orphan's Court to sell realty were "*in rem*, against the estate of the intestate, and not *in personam*," and that plenary jurisdiction was vested in the court, over the *thing*—in the nature of an admiralty proceeding—although the owner, or party in interest was *not notified* of the pendency of the proceeding; and that jurisdiction attached *quoad the thing*, when the petition was regularly filed by a proper party, and was recognized by the action of the court, without notice to parties concerned; and that,

where jurisdiction had attached, the order of sale, although
reversible for error, on direct appeal, could not be assailed
collaterally for such failure to give notice, which was an
irregularity of the proceedure merely in the exercise of such
jurisdiction.—*Lee v. Campbell*, 6 Port. 249; *Couch v. Camp-
bell*, 6 *Ib.* 262.

The same question arose again in *Duval's Heirs v. The
P. & M. Bank*, 10 Ala. 636, decided in 1846, and the prin-
ciple was again announced that the decree of the county
court, ordering a sale of the decedent's realty, under the act
of 1822, could not be collaterally impeached by showing
that there was an entire failure to designate the heirs by
name in the petition, or elsewhere in the record—this not
being a jurisdictional allegation, and that such omission did
not render such sale void. In each of the foregoing cases
the parties assailing the validity of the sales were the heirs
themselves, whose names had been omitted from the petition
of the administrator, and other subsequent proceedings, they
being in the first case plaintiffs in an action of ejectment, as
in the present action, and in the second parties complainant
to a bill in equity instituted against the purchaser. The
sale was held to be as binding against them, *on collateral
attack*, as if they had been made parties, and served with
regular notice of the pendency of the proceeding.

In *Field's Heirs v. Goldsby*, 28 Ala. 218, decided in 1856,
the doctrine of these cases was again reviewed. The objec-
tion there urged to the petition of the administrator, which
was filed praying a division among heirs, was, that it failed
to set forth the heirs who were of full age, which it was in-
sisted was a jurisdictional allegation, in as much as it was
expressly required by the statute. The principle to which
we have above adverted, as settled in *Duval v. McLoskey*,
1 Ala. 708; and *Duval v. P. & M. Bank*, 10 Ala. 636, was
reiterated by Goldthwaite, C. J., and adhered to by the
court, with the following observation: "Could we regard the
question as an open one, we might arrive at a different con-
clusion from that which was attained in *Duval v. McLoskey*,
*supra*, but after it has been recognized by a subsequent de-
cision, and *has probably been acted upon as a practicable
rule of property, we do not feel at liberty to depart
from it.*"

That was about sixteen years after the first announcement
of the principle by the court in 1840. Since then more than
thirty additional years have elapsed—making, in all, forty-

seven years since the case of *Duval v. McLoskey* was decided.

In *Mathewson's Heirs v. Hearin*, 29 Ala. 210 (1856), this court, speaking through Rice, C. J., in discussing *Wyman v. Campbell, supra*, and the case·above cited, declared the presumption to be a fair one that "the *opinions* delivered in those cases had been acted upon as a rule of property," and, therefore, that "the reasons which impel courts to uphold every settled rule of property, require us to re-affirm and maintain those cases, not only as to the points necessarily involved, but as to the *principles* which are declared in *Lightfoot v. Lewis*, and the subsequent cases above cited to have been established by them."

The case of *King v. Kent's Heirs*, 29 Ala. 542, was decided the following year, 1857, and upon the strength of the foregoing authorities, it was said: "In determining upon the validity of the decree of the Orphan's Court, when collaterally assailed, it is only necessary to inquire whether the court had jurisdiction of the subject matter; for the proceeding is *in rem*, and no mere irregularity can render it void."

These cases again came under judicial review in *Satcher v. Satcher*, 41 Ala. 26, decided in 1867, where the following language was used by WALKER, C. J.: "The proceeding in the Probate Court for the sale of the decedent's land is held, by a long chain of decisions, not now to be questioned, to be *in rem;* and therefore the validity of the order can never depend upon the fact that the court has acquired jurisdiction of the *person* of the parties. The requisition of notice is just as plainly and as positively made in the act of 1822 as under any subsequent law.—Clay's Digest, 224, § 17. Under the act of 1822, the order of sale was not void on account of the want of notice. It was so settled by the decisions of this court. We can not," he added, "decide to the contrary, unless we disregard the doctrine of *stare decisis*, and overturn decisions which constitute *a rule of property, under which millions of dollars' worth of land are probably held.* No person who will examine the act of 1822 can say that there is a reason for regarding the proceeding to sell land under the present law as *in personam*, which did not apply to the old law, under which, as every intelligent lawyer knows, the proceeding was regarded as *in rem.*" In discussing elsewhere, in the same case, and declining to assent to the proposition. that the sale is made void by a failure to comply with every statutory requirement, it is suggested that such a rule would

lead to consequences, alike absurd and injurious. Among these is enumerated "an inaccuracy in the list or description of the heirs, or their residences," as one of the omissions, which, under the operation of the rule, would render the sale void. "One desiring to purchase at the sale," it was observed, "would be unable to ascertain, by an examination of the records and papers, whether the title would be valid. After making the most careful inquiry, and finding no defect in the proceedings, and therefore venturing on a purchase, his title (if such were the law) might be defeated by evidence that *there was some heir whose name was overlooked, or forgotten by the administrator, or not known by him, and therefore not inserted in his petition.*" The inevitable effect of holding that omissions of this kind would render the sale in any respect invalid, it was thought by the court, "would be to destroy confidence in such sales, and cause great injury to heirs by sales at greatly depreciated prices."

There has been no departure from the principles of these cases at any time during the past fifty years, but on the contrary they have been constantly re-affirmed.—3 Brick. Dig. 465, §§ 162 *et seq.* In *McCorkle v. Rhea*, 75 Ala. 213, decided as late as 1883, while declining to *extend* the rule announced in *Duval v. McLoskey, supra,* to proceedings for the partition or division of property owned by *tenants in common,* we observed as follows: "Perhaps these cases (citing *Whitman v. Reese,* 59 Ala. 532, and *Johnson v. Ray,* 67 Ala. 603), are not in strict analogy to the line of decions, so long prevailing in this State, in which it is held, that, upon application by an administrator, to sell the lands of a decedent, the failure of the petition to state the names of the heirs, although expressly required to be done by the statute, is not the omission of a jurisdictional averment, which would render the sale void, but a mere irregularity rendering the judgment reversible on error.—*Duval v. McCloskey,* 1 Ala. 708; *Matheson v. Hearin,* 29 Ala. 210. This principle has become a rule of property in this State, in this particular class of cases, and under its influence, no doubt, many titles have been acquired. However unsound we might be disposed to regard it, we do not feel at liberty to depart from it at this time."

We regard it, therefore, we repeat, as established by a long line of decisions in Alabama, extending through half a century, that, on an application by an administrator to the Probate Court to sell the lands of a decedent, whether for

the payment of debts or for distribution among heirs, *the failure to name one or more of such heirs in the petition*, or subsequent proceedings, is not the omission of a jurisdictional allegation, and does not affect the validity of the title acquired at such sale, so as to subject it to *collateral attack;* and if the court has jurisdiction of the *thing* sold, although it has acquired none over the *person* of the parties owning it, the sale is binding on the world, including the heirs whose names are omitted from the petition and the proceedings. In such cases, the parties interested, whether parties to the record or not, may be made so by application to the court so as to sue out an appeal.—*McConico v. Cannon*, 25 Ala. 462; *Lightfoot v. Lewis*, 1 Ala. 475, 479; *Clemens v. Patterson*, 38 Ala. 721; 1 Brick. Dig. 92, § 129. And with this ready mode of redress open to all whose rights may be prejudiced, it can not be said that any person has been deprived of his property, in cases of this peculiar kind, without due process of law, or that he has been deprived of his day in court. *Dickey v. Vann*, 81 Ala. 425; *Clemens v. Patterson*, 38 Ala. 721, *supra.*

The Circuit Court did not err in giving the general affirmative charge in favor of the defendant, or in refusing to give the charge requested by the plaintiff, and the judgment must be affirmed.