# Abernathy *v.* O'Reilly.

*Petition by Administrator for Sale of Lands to Pay Debts.*

1. *Petition for sale of lands; averment of debts.*—A petition by an administrator, asking an order to sell lands for the payment of debts, and alleging that the personal property of the estate "is insufficient to pay the debts," but not averring the existence of debts, or the amount of them (Code, §§ 2104–10), does not contain the necessary jurisdictional allegat'ons, and an order of sale founded on it is void.

2. *Same; statement of names, &c., of heirs.*—If one of the heirs at law is a married woman, that fact should be stated; and the name of her husband, if known or ascertainable, should also be stated.

APPEAL from the Probate Court of Madison.

Heard before the Hon. THOS. J. TAYLOR.

The record in this case shows that, on the 11th March, 1889, a petition was filed in said court by James P. O'Reilly, as administrator of the estate of Susan K. Denty, deceased, asking an order to sell lands for the payment of debts; that the court

granted the order of sale as prayed, on the 24th April, 1889, after statutory notice to the heirs; that the administrator reported the sale on May 20th, 1889, and asked an order of confirmation; that on the 11th June, 1889, a petition was filed in the court by Mrs. Rebecca Abernathy (one of the heirs) and her husband, asking to vacate and set aside the order of sale, on the ground that it was void for want of jurisdiction on account of defects in the administrator's petition; and that the court overruled and dismissed this petition on the 11th June, 1889.

The administrator's petition alleged, " that the personal property of the estate of said decedent is insufficient to pay the debts of said estate;" that the decedent died intestate, being seized and possessed of certain lands, which were particularly described; " that it is necessary to sell said real estate, with the tenements thereon, to pay the debts of said estate;" and that the heirs and distributees of said estate were, " Rebecca Abernathy, wife of James Abernathy, over 21 years of age, of sound mind, and resides at Buford station, Giles county, Tennessee ; and Alice O. Dean, over 21 years of age, of sound mind, and resides at Nesbitt, in the State of Mississippi." The petition of Abernathy and wife, asking to set aside the order of sale, insisted that this petition was void, (1) because it did not allege the existence of any debts against the estate, and their actual or estimated amount; (2) because it did not allege that Alice O. Dean was a married woman; (3) because it did not allege that Mrs. Abernathy's husband was over 21 years of age. The decree dismissing their petition is now assigned as error by Abernathy and wife.

HUMES, WALKER & SHEFFEY, for appellants, cited *Quarles v. Campbell*, 72 Ala. 66; *Meadows v. Meadows*, 73 Ala. 356; *Robertson v. Bradford*, 73 Ala. 116; *Griffin v. Griffin*, 3 Ala. 623; *Cloud v. Barton*, 14 Ala. 347; *Pettus v. McClanahan*, 52 Ala. 55.

WM. RICHARDSON, *contra*, cited *Pollard v. Hanrick*, 74 Ala. 334; *Wright v. Ware*, 50 Ala. 549; *De Bardeleben v. Stoudenmire*, 48 Ala. 643; *Townsend v. Steele*, 85 Ala. 580.

STONE, C. J.—The present proceeding originated in a petition filed by O'Reilly, the administrator, for an order to sell real estate to pay the debts of Susan Denty, his intestate. Code of 1886, §§ 2104, *et seq.* The averment of the petition is, " that the personal property of the estate of said decedent is insufficient to pay the debts of the said estate," without any

[Lyons & Co. v. McCurdy.]

averment that there were debts, or the amount of them. The existence of a debt is a fundamental condition of the jurisdiction of the Probate Court to grant such order of sale.—*Owens v. Childs*, 58 Ala. 113. Without such averment the Probate Court does not acquire jurisdiction, and a decree rendered on such defective petition is not simply reversible. It is a nullity, and must be so treated even on collateral attack.—*Tyson v. Brown*, 64 Ala. 244; *Robertson v. Bradford*, 70 Ala. 385; s. c., 73 Ala. 116; *Meadows v. Meadows*, 73 Ala. 356; *Landford v. Dunklin*, 71 Ala. 594; *Wilburn v. McCalley*, 63 Ala. 436; *Quarles v. Campbell*, 72 Ala. 64; *Whitman v. Reese*, 59 Ala. 532; *McCorkle v. Rhea*, 75 Ala. 213; *Ballard v. Johns*, 80 Ala. 32; *Morgan v. Farned*, 83 Ala. 367.

Whenever the petition on its face makes a sufficient case for relief, subsequent irregularities, or the omission of qualifying facts not shown in the petition, do not render the proceedings void on collateral attack.—1 Brick. Dig. 939, § 355; *Pollard v. Hanrick*, 74 Ala. 334; *Whitlow v. Echols*, 78 Ala. 206; *Lyons v. Hamner*, 84 Ala. 197; *Townsend v. Steele*, 85 Ala. 580.

The petition should have averred that Mrs. Dean was a married woman, and the name of her husband, if known or ascertainable, should have been given.—*Bingham v. Jones*, 84 Ala. 202.

The Probate Court erred in not granting the prayer of Mrs. Abernathy's petition.

Reversed and remanded.