# Sherer v. Garrison.

*Bill in Equity for Sale of Land for Division or Distribution among Tenants in Common.*

1. *Bill in equity for sale of land for division; adverse claim by a tenant in common no bar to relief.*—The statute (Code, § 3251) providing that no division or partition of property can be made under the article of which that section is a part, "when an adverse claim or title is asserted by any one, or brought to the knowledge of the commissioners, or of the judge of probate," has no bearing upon a sale of property for the purpose of dividing or distributing the proceeds thereof among joint owners or tenants in common; and it is, therefore, no bar to a bill in equity seeking a sale of land for such division or distribution that it discloses that one of the alleged tenants in common adversely claims the land in severalty.

2. *Same; motion to dismiss bill for want of equity; amendable defects considered as cured.*—That the interest of one of two complaints in a bill in equity for the sale of land for division or distribution among tenants in common does not appear, or that it does appear that one of them has no interest, and that the necessity for a sale for division is stated as a conclusion of the pleader,—are amendable defects, which, on a motion to dismiss the bill for want of equity, must be considered as having been cured by amendment.

3. *Same; enjoining writ of possession; when not incumbent on complainant to surrender possession, or to submit to ouster.*—The complainant, while in the possession claiming as a tenant in common, was cast in a statutory action of ejectment brought by the defendant for the recovery of the land in severalty, in consequence of the invalidity of the conveyance of the interest to which the complainant claimed to have succeeded. Subsequently, while still in possession, the complainant obtained a valid conveyance of that interest, and filed the bill in this case for a sale of the land for division or distribution among the tenants in common, and prayed that the execution of the writ of possession issued on the judgment in said statutory action of

[Sherer v. Garrison.]

ejectment be enjoined, to the end that he might remain, pending the suit, in possession as a tenant in common,—the bill not denying the right of common possession to the other tenants. *Held*: that it was not incumbent on the complainant to surrender possession, or to submit to ouster, as a condition precedent to the assertion of his right to a sale for division, on the principle that he who seeks equity must do equity.

APPEAL from the Chancery Court of Walker.

Heard before the Hon. THOMAS COBBS.

John M. Sherer and Eda Jones filed the bill of complaint in this case against Consada Garrison and Martha A. Jeton, wife of J. S. Jeton. The averments of the bill disclose the following facts: In December, 1882, one. James A. Jones conveyed a tract of land he then owned, which was described in the bill, to Sarah Garrison. Said Jones was then a married man, but his wife did not join in the deed. In June, 1886, said Sarah Garrison died intestate, leaving surviving her Artemesia Jones, the wife of said'James A. Jones, Eda Jones, Consada Garrison and Martha A. Jeton, her only heirs at law. In August, 1891, said James A. Jones and his wife, Artemesia Jones; undertook to convey said tract of land to the complainant John M. Sherer, who paid the purchase money and was put into possession, but that conveyance to him was invalid. In May, 1892, the defendant Consada Garrison brought a statutory action of ejectment against said Sherer to recover said tract, and recovered judgment therefor, upon which a writ of possession issued, which was in the hands of the sheriff of Walker county at the time of the filing of the bill. In April, 1893, after the rendition of said judgment, and after the death of said James A. Jones, said Artemesia Jones conveyed said tract of land in due form to the complainant John M. Sherer. The bill averred that the complainants and Consada Garrison and Martha A. Jeton are tenants in common and joint owners of the land in controversy, and that without objection on the part of his co-tenants John M. Sherer has made valuable improvements on said lands. The bill prayed that an injunction be issued restraining Consada Garrison from executing, or causing to be executed, any writ of possession on the judgment in her favor; and that the lands in controversy be sold for partition or division among the

complainants and the defendants. The bill was sworn to, and a preliminary injunction was granted.

The defendants moved to dissolve the injunction and to dismiss the bill for want of equity. These motions were granted. The complainants appeal from the decree to this effect, and assign the same as error.

APPLING, McGUIRE & COLLIER, for appellants.—1. It is not necessary that a man in possession should resort to law to test the strength of his legal title, before he can call upon a court of equity for a partition by sale, even though his bill should have in it no other independent equity. The very idea of such a thing is offensive to our sense of justice, and if pursued to its legitimate and essential conclusion it will lead to most harmful results. In the first place, a co-tenant has the absolute, legal and equitable right to occupy as long as the cotenancy exists, and this is a valuable right.—6 Lawson R. R. & P., p. 4446, § 2726. He can not sue himself. Must he then lose that valuable and law-given right, and give up possession, and put his antagonist in possession (a thing impossible) before he can sue? He must sue (if he sues at all in ejectment) the terra-tenant. Then suppose his antagonist, when he gets out, declines to enter, but remains out, and keeps all tenants out, how could the aggrieved ever get relief, and sever an unwilling relationship and quiet his title? The answer is found in *Echols v. Hubbard*, 90 Ala. 311.

2. Under the facts of this case Sherer was entitled to compensation for the permanent improvements he had put upon the property owned in common. Consada Garrison was estopped to deny his equitable rights in this respect. *Town v. Needham*,3 Paige, 546-7. A court of law is powerless to compensate Sherer for his improvements.— *Wilkinson v. Stuart*, 74 Ala. 198. A court of equity, however, will enjoin proceedings at law for partition, and will allow compensation at least to the extent the improvements have enhanced or increased the value of the lands.— *Wilkinson v. Stuart, supra; Moore v. Thorpe*, 7 L. R. A. 731, note; *Town v. Needham*, 3 Paige, 545 ; s. c. 3 N. Y. Ch. 263, notes.

COLEMAN & BANKHEAD, *contra*.—1. The court of chancery has no jurisdiction to sell lands for partition or di-

[Sherer v. Garrison.]

vision where there is a *bona fide* adverse claim, unless there is some other ground for its jurisdiction.—Code, §§ 326? and ·3251; *Sellers v. Friedman,* 100 Ala. 499; *Kilgore v. Kilgore,* 103 Ala. 614; *McEvoy v. Leonard,* 89 Ala. 455; *Keaton v. Terry,* 93 Ala. 85; *Johns v. Johns,* 93 Ala. 239; *Ballard v. Johns,* 80 Ala. 32.

2. All complainants must be entitled to recover or none can.—*Sellers v. Friedman, supra*

3. A party who comes into the chancery court to ask equity must do equity to the party against whom he complains.

4. The principle that a judgment is final and conclusive, not only as to the facts litigated, but of all facts necessarily involved in the judgment or decree, is as binding on courts of equity as on courts of law. There must be some special cause for equitable interference, some cause of which the party complaining could·not have had the benefit when the judgment was rendered. 3 Brick. Dig., p. 347, §§ 228-229.

5. When a bill is filed to enjoin a judgment at law, and the allegations show that the complainant had a complete defense at law, the bill is without equity, unless it also alleges that the defense was unknown to the complainant. And he is especially not entitled to relief after judgment when that judgment, rendered by a court of competent jurisdiction, establishes facts preclusive of his right to relief.—*Garrett v. Lynch,* 44 Ala. 683; *Moore v. Faggard,* 51 Ala. 525.

McCLELLAN, J.—In *Hillens v. Brinsfield,* 108 Ala. 605, decided at the present term, it was held, overruling *Johnson v. Ray,* 67 Ala. 603; *McCorkle v. Rhea,* 75 Ala. 213; *Ballard v. Johns,* 80 Ala. 32, and *Wolffe v. Loeb,* 98 Ala. 426, so far as those cases bore on the point, that section 3251 of the Code, providing that no division or partition of property could be made under the article of which that section was a part, "when an adverse claim or title is asserted by any one, or brought to the knowledge of the commissioners, or of the judge of probate," was confined in its operation to division or partition of property in kind or specie, and had no bearing upon the *sale* of property for the purpose of dividing or distributing the *proceeds* thereof among joint owners or tenants in common. The present bill seeks a *sale* for division or

distribution among tenants in common; it is not a bill for a division or partition of the land itself. The adverse claim of title of Consada Garrison, alleged to be one of the tenants in common claiming the land in severalty, which the bill discloses, is not, therefore, a bar to the relief prayed. Notwithstanding that claim, and its being shown by the complainant, the bill, so far as this point goes, has equity.

On motion to dismiss a bill for want of equity, all amendable defects in its averments must be considered as having been cured by amendment. Hence the decree dismissing this bill cannot be supported on the ground that the interest of one of the two complainants does not appear, or even that it does appear affirmatively that one of them has no interest, nor upon the ground that the necessity for sale for division is stated as a conclusion of the pleader, instead of being shown by the averment of facts as a basis of a conclusion to be drawn by the court. Each of these was an amendable defect.

The theory that the bill shows complainant's hands are unclean, or that there was an equity upon him to be performed as a condition precedent to his right to come into equity for relief, is untenable. It is shown that he is in sole possession of the land, and that he resisted an action of statutory ejectment brought by Consada Garrison for the recovery of the land, and all interests in it, in severalty, and, being cast in that action as to all interests in the land because of the invalidity of the deed under which he claimed as a tenant in common, in that, among other reasons, it was executed alone by the husband of the tenant to whose interest he claimed to have succeeded, he now, having meantime received a conveyance by said tenant herself, the husband having died, sets up this title, which, on the averments of the bill, is a perfectly good one, and asks that the execution of the writ of possession issued on Consada Garrison's said judgment be enjoined, to the end that he may remain, pending this suit, in possession as a tenant in common, as he clearly has a right to do, and that the land be sold for division between the several tenants, including himself—relief which, as we have seen, he is entitled to, notwithstanding Consada Garrison's adverse claim to the land in severalty. It was not incumbent on him to surrender possession, or to submit to ouster, under these

[Walker v. Louisville & Nashville Railroad Co.]

circumstances, as a condition precedent to the assertion of his right to a sale for division, on the principle that he who seeks equity must do equity. Equity required of him no more than to admit his co-tenants in common into possession in common ; and we do not understand from the bill that such right of common possession is, or has ever been denied to the other tenants. The recovery of Consada Garrison in the action of ejectment did not establish her asserted title in severalty, and certainly did not cut off the subsequently acquired title of the complainants resting on the deed of Mrs. Jones, one of the tenants in common.

The decree of the chancery court is reversed. A decree will be here entered overruling the motions to dissolve the injunction and to dismiss the bill ; and the cause will be remanded.